UNITED STATES *v.* SHABANI

No. 93–981.   Argued October 3, 1994—Decided November 1, 1994

O'CONNOR, J., delivered the opinion for a unanimous Court.

*Richard H. Seamon* argued the cause for the United States.   With him on the briefs were *Solicitor General Days, Assistant Attorney General Harris,* and *Joseph Douglas Wilson.*

*Dennis P. Riordan* argued the cause for respondent. With him on the brief were *Alan M. Caplan* and *Marc J. Zilversmit.*

JUSTICE O'CONNOR delivered the opinion of the Court.

This case asks us to consider whether 21 U. S. C. § 846, the drug conspiracy statute, requires the Government to prove that a conspirator committed an overt act in furtherance of the conspiracy. We conclude that it does not.

I

According to the grand jury indictment, Reshat Shabani participated in a narcotics distribution scheme in Anchorage, Alaska, with his girlfriend, her family, and other associates. Shabani was allegedly the supplier of drugs, which he arranged to be smuggled from California. In an undercover operation, federal agents purchased cocaine from distributors involved in the conspiracy.

Shabani was charged with conspiracy to distribute cocaine in violation of 21 U. S. C. § 846. He moved to dismiss the indictment because it did not allege the commission of an overt act in furtherance of the conspiracy, which act, he argued, was an essential element of the offense. The United States District Court for the District of Alaska, Hon. H. Russel Holland, denied the motion, and the case proceeded to trial. At the close of evidence, Shabani again raised the issue and asked the court to instruct the jury that proof of an overt act was required for conviction. The District Court noted that Circuit precedent did not require the allegation of an overt act in the indictment but did require proof of such an act at trial in order to state a violation of § 846. Recognizing that such a result was "totally illogical," App. 29, and contrary to the language of the statute, Judge Holland rejected Shabani's proposed jury instruction, id., at 36. The jury returned a guilty verdict, and the court sentenced Shabani to 160 months' imprisonment.

The United States Court of Appeals for the Ninth Circuit reversed. 993 F. 2d 1419 (1993). The court acknowledged an inconsistency between its cases holding that an indictment under § 846 need not allege an overt act and those re-

quiring proof of such an act at trial, and it noted that the latter cases "stand on weak ground." *Id.*, at 1420. Nevertheless, the court felt bound by precedent and attempted to reconcile the two lines of cases. The Court of Appeals reasoned that, although the Government must prove at trial that the defendant has committed an overt act in furtherance of a narcotics conspiracy, the act need not be alleged in the indictment because "'[c]ourts do not require as detailed a statement of an offense's elements under a conspiracy count as under a substantive count.'" *Id.*, at 1422, quoting *United States* v. *Tavelman,* 650 F. 2d 1133, 1137 (CA9 1981).

Chief Judge Wallace wrote separately to point out that in no other circumstance could the Government refrain from alleging in the indictment an element it had to prove at trial. He followed the Circuit precedent but invited the Court of Appeals to consider the question en banc because the Ninth Circuit, "contrary to every other circuit, clings to a problematic gloss on 21 U. S. C. § 846, insisting, despite a complete lack of textual support in the statute, that in order to convict under this section the government must prove the commission of an overt act in furtherance of the conspiracy." 993 F. 2d, at 1422 (concurring opinion). For reasons unknown, the Court of Appeals did not grant en banc review. We granted certiorari, 510 U. S. 1108 (1994), to resolve the conflict between the Ninth Circuit and the 11 other Circuits that have addressed the question, all of which have held that § 846 does not require proof of an overt act.*

***

*See *United States* v. *Sassi,* 966 F. 2d 283, 285 (CA7), cert. denied, 506 U. S. 991 (1992); *United States* v. *Clark,* 928 F. 2d 639, 641 (CA4 1991); *United States* v. *Figueroa,* 900 F. 2d 1211, 1218 (CA8), cert. denied, 496 U. S. 942 (1990); *United States* v. *Paiva,* 892 F. 2d 148, 155 (CA1 1989); *United States* v. *Onick,* 889 F. 2d 1425, 1432 (CA5 1989); *United States* v. *Cochran,* 883 F. 2d 1012, 1017–1018 (CA11 1989); *United States* v. *Savaiano,* 843 F. 2d 1280, 1294 (CA10 1988); *United States* v. *Pumphrey,* 831 F. 2d 307, 308–309 (CADC 1987); *United States* v. *Bey,* 736 F. 2d 891, 894 (CA3 1984); *United States* v. *Dempsey,* 733 F. 2d 392, 396 (CA6),

## II

Congress passed the drug conspiracy statute as § 406 of the Comprehensive Drug Abuse Prevention and Control Act of 1970, Pub. L. 91–513, 84 Stat. 1236. It provided: "Any person who attempts or conspires to commit any offense defined in this title is punishable by imprisonment or fine or both which may not exceed the maximum punishment prescribed for the offense, the commission of which was the object of the attempt or conspiracy." *Id.*, at 1265. As amended by the Anti-Drug Abuse Act of 1988, Pub. L. 100–690, § 6470(a), 102 Stat. 4377, the statute currently provides: "Any person who attempts or conspires to commit any offense defined in this subchapter shall be subject to the same penalties as those prescribed for the offense, the commission of which was the object of the attempt or conspiracy." 21 U. S. C. § 846. The language of neither version requires that an overt act be committed to further the conspiracy, and we have not inferred such a requirement from congressional silence in other conspiracy statutes. In *Nash* v. *United States*, 229 U. S. 373 (1913), Justice Holmes wrote, "[W]e can see no reason for reading into the Sherman Act more than we find there," *id.*, at 378, and the Court held that an overt act is not required for antitrust conspiracy liability. The same reasoning prompted our conclusion in *Singer* v. *United States*, 323 U. S. 338 (1945), that the Selective Service Act "does not require an overt act for the offense of conspiracy." *Id.*, at 340.

*Nash* and *Singer* follow the settled principle of statutory construction that, absent contrary indications, Congress intends to adopt the common law definition of statutory terms. See *Molzof* v. *United States*, 502 U. S. 301, 307–308 (1992). We have consistently held that the common law understand-

cert. denied, 469 U. S. 983 (1984); *United States* v. *Knuckles*, 581 F. 2d 305, 311 (CA2), cert. denied, 439 U. S. 986 (1978).

ing of conspiracy "does not make the doing of any act other than the act of conspiring a condition of liability." *Nash, supra,* at 378; see also *Collins* v. *Hardyman,* 341 U. S. 651, 659 (1951); *Bannon* v. *United States,* 156 U. S. 464, 468 (1895) ("At common law it was neither necessary to aver nor prove an overt act in furtherance of the conspiracy ..."). Respondent contends that these decisions were rendered in a period of unfettered expansion in the law of conspiracy, a period which allegedly ended when the Court declared that "we will view with disfavor attempts to broaden the already pervasive and wide-sweeping nets of conspiracy prosecutions." *Grunewald* v. *United States,* 353 U. S. 391, 404 (1957) (citations omitted). *Grunewald,* however, was a statute of limitations case, and whatever exasperation with conspiracy prosecutions the opinion may have expressed in dictum says little about the views of Congress when it enacted § 846.

As to those views, we find it instructive that the general conspiracy statute, 18 U. S. C. § 371, contains an explicit requirement that a conspirator "do any act to effect the object of the conspiracy." In light of this additional element in the general conspiracy statute, Congress' silence in § 846 speaks volumes. After all, the general conspiracy statute preceded and presumably provided the framework for the more specific drug conspiracy statute. "*Nash* and *Singer* give Congress a formulary: by choosing a text modeled on § 371, it gets an overt-act requirement; by choosing a text modeled on the Sherman Act, 15 U. S. C. § 1, it dispenses with such a requirement." *United States* v. *Sassi,* 966 F. 2d 283, 284 (CA7 1992). Congress appears to have made the choice quite deliberately with respect to § 846; the same Congress that passed this provision also enacted the Organized Crime Control Act of 1970, Pub. L. 91–452, 84 Stat. 922, § 802(a) of which contains an explicit requirement that "one or more of [the conspirators] does any act to effect the object of such a conspiracy," *id.,* at 936, codified at 18 U. S. C. § 1511(a).

Early opinions in the Ninth Circuit dealing with the drug conspiracy statute simply relied on our precedents interpreting the general conspiracy statute and ignored the textual variations between the two provisions. See *United States* v. *Monroe,* 552 F. 2d 860, 862 (CA9), cert. denied, 431 U. S. 972 (1977), citing *United States* v. *Feola,* 420 U. S. 671 (1975); *United States* v. *Thompson,* 493 F. 2d 305, 310 (CA9), cert. denied, 419 U. S. 834 (1974), citing *United States* v. *Rabino-wich,* 238 U. S. 78, 86–88 (1915). Two other Courts of Appeals were led down the same path, see *United States* v. *King,* 521 F. 2d 61, 63 (CA10 1975); *United States* v. *Hutchinson,* 488 F. 2d 484, 490 (CA8 1973), but both subsequently recognized the misstep and rejected their early interpretations, see *United States* v. *Covos,* 872 F. 2d 805, 810 (CA8 1989); *United States* v. *Savaiano,* 843 F. 2d 1280, 1294 (CA10 1988).

What the Ninth Circuit failed to recognize we now make explicit: In order to establish a violation of 21 U. S. C. § 846, the Government need not prove the commission of any overt acts in furtherance of the conspiracy. *United States* v. *Felix,* 503 U. S. 378 (1992), is not to the contrary. In that case, an indictment under § 846 alleged two overt acts which had formed the basis of the defendant's prior conviction for attempting to manufacture drugs. The defendant argued that the Government had violated the Double Jeopardy Clause and *Grady* v. *Corbin,* 495 U. S. 508 (1990), overruled, *United States* v. *Dixon,* 509 U. S. 688 (1993), by using evidence underlying the prior conviction "to prove an essential element of an offense" charged in the second prosecution. We held that the Double Jeopardy Clause did not bar the conspiracy charge. JUSTICE STEVENS, writing separately, thought that our double jeopardy discussion was unnecessary partly because "there is no overt act requirement in the federal drug conspiracy statute," *Felix, supra,* at 392 (STEVENS, J., concurring in part and concurring in judgment). Shabani argues that, by not responding to this point, the Court im-

plicitly held that § 846 requires proof of overt acts; otherwise, the double jeopardy discussion would have been merely advisory. The procedural history of *Felix*, however, belies this contention. The disputed evidence was offered not to prove overt acts *qua* overt acts, but to prove the existence of a conspiracy. The lower court in *Felix* noted that it was "mindful that 21 U. S. C. § 846 does not require proof of an overt act . . . ." *United States* v. *Felix*, 926 F. 2d 1522, 1529, n. 7 (CA10 1991). Nevertheless, evidence of such acts raised double jeopardy concerns because it "tended to show the criminal agreement for the conspiracy," an indisputably essential element of the offense. *Ibid.* Indeed, JUSTICE STEVENS also argued that "the overt acts did not establish an agreement between Felix and his co-conspirators." *Felix*, 503 U. S., at 392. In light of the lower court opinion, it is apparent that we rejected this point—rather than JUSTICE STEVENS' construction of § 846—before reaching the double jeopardy issue. In any event, Shabani's strained reading of *Felix* is of little consequence for precedential purposes, since "[q]uestions which 'merely lurk in the record' are not resolved, and no resolution of them may be inferred." *Illinois Bd. of Elections* v. *Socialist Workers Party*, 440 U. S. 173, 183 (1979), quoting *Webster* v. *Fall*, 266 U. S. 507, 511 (1925).

Shabani reminds us that the law does not punish criminal thoughts and contends that conspiracy without an overt act requirement violates this principle because the offense is predominantly mental in composition. The prohibition against criminal conspiracy, however, does not punish mere thought; the criminal agreement itself is the *actus reus* and has been so viewed since *Regina* v. *Bass*, 11 Mod. 55, 88 Eng. Rep. 881, 882 (K. B. 1705) ("[T]he very assembling together was an overt act"); see also *Iannelli* v. *United States*, 420 U. S. 770, 777 (1975) ("Conspiracy is an inchoate offense, the essence of which is an agreement to commit an unlawful act") (citations omitted).

Finally, Shabani invokes the rule of lenity, arguing that the statute is unclear because it neither requires an overt act nor specifies that one is not necessary. The rule of lenity, however, applies only when, after consulting traditional canons of statutory construction, we are left with an ambiguous statute. See, *e. g.*, *Beecham* v. *United States*, 511 U. S. 368, 374 (1994); *Smith* v. *United States*, 508 U. S. 223, 239–241 (1993). That is not the case here. To require that Congress explicitly state its intention *not* to adopt petitioner's reading would make the rule applicable with the "mere possibility of articulating a narrower construction," *id.*, at 239, a result supported by neither lenity nor logic.

As the District Court correctly noted in this case, the plain language of the statute and settled interpretive principles reveal that proof of an overt act is not required to establish a violation of 21 U. S. C. § 846. Accordingly, the judgment of the Court of Appeals is

*Reversed.*