**UNITED STATES of America, Plaintiff,**

v.

**Kenneth R. TORAIN, Defendant.**

No. 94–40017–03–SAC.

United States District Court,
D. Kansas.

March 21, 1995.

James G. Chappas, Jr., Topeka, KS, for defendant.

Gregory G. Hough, Office of U.S. Atty., Topeka, KS, for plaintiff.

## MEMORANDUM AND ORDER

CROW, District Judge.

On November 28, 1994, the court commenced jury selection for the trial of Torain and five of his codefendants; Arnett Rice, the sixth codefendant, had previously been severed from the other codefendants. *See United States v. Ailsworth,* 873 F.Supp. 1450 (D.Kan.1994) (explaining reasons for granting Rice's motion for severance). During voir dire, each of Torain's remaining codefendants entered guilty pleas, obviating the need for trial of those defendants. In light of the fact that jeopardy had not attached, *see United States v. Juarez–Fierro,* 935 F.2d 672, 675 (5th Cir.) (jeopardy attaches when jury is empaneled and sworn; a jury is not empaneled until all parties have exercised

their strikes and twelve jurors are selected to hear the case), *cert. denied,* 502 U.S. 951, 112 S.Ct. 402, 116 L.Ed.2d 351 (1991), and under the particular facts and circumstances of this case, the court granted the government's motion for a continuance of Torain's trial. *See* (Dk. 396). In that same order, the court joined the trial of Torain and Rice.

Since that time the grand jury has returned two third superseding indictments. Each of those superseding indictments charges only one defendant with certain violations. Torain is charged with conspiracy to possess with the intent to distribute 1947.58 grams of cocaine base (in violation of 21 U.S.C. § 846), use of a communication facility to facilitate the possession with the intent to distribute cocaine base (in violation of 21 U.S.C. § 843(b)), possession with the intent to distribute cocaine base (21 U.S.C. § 841(a)(1)), and knowing acquisition of food stamp coupons with a value of $3,100 in a manner not authorized by the United States Department of Agriculture's Food Stamp Program (in violation of 7 U.S.C. § 2024(b)).

This case comes before the court upon the following pretrial motions:

**Motions filed by Torain:**

1. Motion for severance (Dk. 438).

2. Motion for grand jury selection information (Dk. 437).

3. Motion for bill of particulars (Dk. 440).

4. Motion for grand jury transcripts (Dk. 441).

5. Motion adopting other co-defendant's pre-trial motions (Dk. 442).

6. Motion for pretrial conference (Dk. 461).

**Motions filed by Arnett Rice:** [1]

1. Motion for drug testing and evaluation of government witness and informant Johnnie Evans (Dk. 436).

---

1. After filing her pretrial motions, Rice informed the court that it was her intent to enter a plea of guilty. Rice entered her plea of guilty prior to the hearing on the pretrial motions filed on her behalf and by Torain. Following the entry of her guilty plea, Rice withdrew the pretrial motions she had filed in this case.

2. Motion for production of grand jury testimony of Johnnie Evans (Dk. 435).

3. Motion in limine (Dk. 434).[2]

**Motion filed by Government:**

1. Motion to compel discovery [from Rice] (Dk. 444).[3] The government has also filed responses to each of the defendant's motions. *See* (Dk. 443 and 445).

Having considered the briefs and arguments of counsel, the court is now prepared to rule.

**Motions filed by Torain:**

1. Motion for severance (Dk. 438).

In light of Rice's guilty plea, this motion is moot.

2. Motion for grand jury selection information (Dk. 437).

■ In this motion, Torain once again requests information necessary to determine whether the grand jury was selected from a pool representing a fair cross-section of the community. On November 28, 1994, this court entered a memorandum and order denying on the merits Torain's fair cross-section challenge to the grand jury which returned the second superseding indictment. That memorandum and order also denied Torain's motion for additional grand jury selection information. The same grand jury that returned the second superseding indictment also returned the third superseding indictment against Torain.

During oral argument, after explaining to counsel that the same grand jury returned both the second and third superseding indictments, Torain withdrew this motion. Absent that concession, the court would have denied the motion as moot. Torain has apparently already received all of the information the court deems necessary to evaluate the composition of the pool from which the grand jury returning the third superseding indict-

2. This motion is moot in light of Rice's guilty plea.

3. This motion is moot in light of Rice's guilty plea.

4. Prior to the Supreme Court's decision in *Shabani*, the Tenth Circuit had already held that

ment was drawn, and more importantly, the court has determined that the grand jury was selected in a statutory and constitutionally permissible manner.

3. Motion for bill of particulars (Dk. 440).

■ This motion essentially mirrors the previous motions for a bill of particulars filed by Torain and is denied for the same reasons previously stated by the court. In addition, the defendant's complaint that Count I of the third superseding indictment which charges the defendant with violation of 21 U.S.C. § 846 does not allege one or more overt acts is not a deficiency in the indictment. *See United States v. Shabani*, 513 U.S. ——, 115 S.Ct. 382, 130 L.Ed.2d 225 (1994) (proof of an overt act in furtherance of the conspiracy is not an essential element of a § 846 violation).[4]

4. Motion for grand jury transcripts (Dk. 441).

■ Torain requests an order compelling the government to provide all grand jury testimony for all of the indictments filed in this case. Torain basically argues that because the grand jury has returned four separate indictments in this case and because neither Torain nor Rice is specifically alleged to have participated in the other's conspiracy (a departure from the previous allegations in the other indictments), it is necessary for him to review all of the grand jury testimony to determine the change in the third superseding indictments. Torain contends that this additional information is necessary for developing his alibi defense and that such information would contain or possibly lead to exculpatory evidence.

The government responds, arguing that Torain's motion simply revisits the same arguments previously raised and dismissed by the court.

"[p]roof of an overt act is not required for a drug conspiracy charged under 21 U.S.C. § 846." *United States v. Morehead*, 959 F.2d 1489, 1499 n. 2 (10th Cir.1992) (*citing United States v. Savaiano*, 843 F.2d 1280, 1293–94 (10th Cir.), *cert. denied*, 488 U.S. 836, 109 S.Ct. 99, 102 L.Ed.2d 74 (1988)).

Torain has not demonstrated a particularized need justifying the release of the transcripts. Torain argues that the third superseding indictment is substantively different than the other indictments returned by the grand jury. Torain's observation is not accurate. While the conspiracy charged in the third superseding indictment no longer specifically names each of the codefendants, it does name Jessie Ailsworth and "other persons whose identities are known and unknown to the grand jury ..." as coconspirators. Obviously, the other codefendants previously identified by name could be included in the phrase "other persons whose identities are known and unknown to the grand jury ..." Torain's motion is denied.

5. Motion adopting other co-defendant's pre-trial motions (Dk. 442).

■ This unopposed motion is granted to the extent that Torain has demonstrated that he has standing to urge any of the motions filed by Rice.

6. Motion for pretrial conference (Dk. 461).

This motion by the defendant is somewhat perplexing. As defense counsel has appeared before this court on several occasions, and as is set forth in the court's *Criminal Procedural Guidelines,* a status conference is held approximately one week before the trial date. In the case at bar, a status conference is currently scheduled for March 31, 1994, at 4:00 p.m. At that conference, the court and counsel will attempt to resolve any outstanding matters relevant to trial of this case.

This motion is denied as moot.

**Motions filed by Arnett Rice:** [5]

1. Motion for drug testing and evaluation of government witness and informant Johnnie Evans (Dk. 436).

■ The defendant seeks an order compelling Johnnie Evans to submit to a drug

evaluation to determine whether he is a drug abuser and whether he was affected at relevant times by his drug abuse. The defendant also seeks an order directing Evans to submit to a drug test prior to testifying at trial. The defendant contends that Evans is a drug abuser and "out of control" when it comes to drugs as he is willing to commit crimes in order to obtain narcotics. The defendant indicates that he has a right to put on evidence that the government's "star" witness is an addict and to introduce evidence about how that addiction would affect his credibility. Torain contends that without the requested evaluations and drug tests he will only be left with the self-serving answers of Evans during his examination at trial.

The government responds, arguing that its case does not rely solely on the testimony of Johnnie Evans, as his testimony is corroborated by independent evidence, including surveillance. The government also notes that many of the defendant's concerns are addressed by the fact that this court will instruct the jury on evaluating the credibility of witnesses as well as providing an "addict" instruction. The government also suggests that the defendant is confusing competency and credibility.

### Legal Standards

### Fed.R.Evid. 601 and Fed.R.Evid. 602

Fed.R.Evid. 601 provides in pertinent part that "[e]very person is competent to be a witness except as otherwise provided in these rules." Fed.R.Evid. 602 provides in pertinent part that "[a] witness may not testify to a matter unless evidence is introduced sufficient to support a finding that the witness has personal knowledge of the matter."

The advisory committee's notes to Rule 601 state in pertinent part:

No mental or moral qualifications for testifying as a witness are specified. Standards of mental capacity have proved elusive in actual application.... Discretion

---

5. Although Rice has entered a guilty plea, the court has permitted Torain to join in the motions filed by Rice in which he arguably has standing. Therefore it is necessary for the court to consider Rice's motion for drug testing and evaluation of government witness and informant Johnnie Ev-

ans (Dk. 436) and her motion for production of grand jury testimony of Johnnie Evans (Dk. 435) on the merits. For simplicity, the court will simply treat the motions as if they were in fact filed by Torain.

is regularly exercised in favor of allowing the testimony. A witness wholly without capacity is difficult to imagine. The question is one particularly suited to the jury as one of weight and credibility, subject to judicial authority to review the sufficiency of the evidence. Standards of moral qualification in practice consist essentially of evaluating a person's truthfulness in terms of his own answers about it.

*Notes of Advisory Committee on 1972 Proposed Rules* (citations omitted). "Rule 601 represents the culmination of the modern trend which has converted questions of competency into questions of credibility while 'steadily moving towards a realization that judicial determination of the question of whether a witness should be heard at all should be abrogated in favor of hearing the testimony for what it is worth.'" *United States v. Cook*, 949 F.2d 289, 293 (10th Cir. 1991) (*quoting* 3 J. Weinstein & M. Berger, Weinstein's Evidence § 601[05], at 601–40 (1991)) (*quoting* Comment, Witnesses Under Article VI of the Proposed Federal Rules of Evidence, 15 Wayne L.Rev. 1236, 1250 (1969)). The Tenth Circuit has "recognized that the evolution of the law in the area of witness competency has resulted in federal rules that deem virtually all persons competent as long as they have personal knowledge of the facts about which they testify." *Cook*, 949 F.2d at 293 (*citing United States v. Bedonie*, 913 F.2d 782, 799 (10th Cir.1990)).

### Competency of a Drug Abuser

"[W]hile the testimony of a drug abuser may be suspect for a number of reasons, drug abuse alone does not render a witness incompetent." *Cook*, 949 F.2d at 293 (citations omitted). *See C.M. Spring Drug Co. v. United States*, 12 F.2d 852 (8th Cir.1926) ("We know of no authority, and none is cited, to the effect that an addict is not a competent witness.").[6]

### Need for Drug Testing of Witness

In *United States v. Robertson*, 45 F.3d 1423 (10th Cir.1995), the defendants argued that the district court abused its discretion in

refusing to order a witness to submit to a urinalysis. The Tenth Circuit disagreed, noting that the witness was extensively cross-examined and that the defendants were able to "amply" demonstrate that the witness was dependent upon drugs as well as the effects of those drugs.

This, in conjunction with the fact a court-ordered urinalysis undoubtedly would infringe on [the witnesses'] privacy rights, *cf. [United States v.] Pino*, 827 F.2d [1429] at 1430 [ ( 10th Cir.1987) ], supports the conclusion the district court was well within its discretion in allowing the witness to testify. The failure to order a urinalysis did not encumber the ability to effectively cross-examine the witness to such an extent as to deny [the defendants] a fair trial.

45 F.3d at 1441.

### Need for Psychiatric Examination of Government Witness

In *Pino*, the Tenth Circuit discussed the standards for permitting the psychiatric examination of government witnesses:

The district court has broad discretion in deciding whether to allow psychiatric examination of a government witness for purposes of "impeachment." (citations omitted). A psychiatric opinion is generally not admissible as impeachment evidence, *United States v. Jackson*, 576 F.2d 46, 49 (5th Cir.1978); *United States v. Provenzano*, 688 F.2d 194, 203–04 (3d Cir.1982), but may be used by the defense to identify possible avenues of cross-examination. *United States v. Roach*, 590 F.2d 181, 186 n. 9 (5th Cir.1979). Before permitting a psychiatric examination, the court must consider "the infringement on a witness's privacy, the opportunity for harassment, and the possibility that an examination will hamper law enforcement by deterring witnesses from coming forward." *United States v. Raineri*, 670 F.2d 702, 709 (7th Cir.1982).

*United States v. Pino*, 827 F.2d 1429, 1430 (10th Cir.1987).

---

**6.** This decision was rendered prior to the division of the Eighth Circuit and the creation of the Tenth Circuit in 1929. *See The Federal Courts of*

*the Tenth Circuit: A History* 281–282 (Hon. James K. Logan ed. 1992).

## Analysis

At this point in time, the court is not convinced that it is appropriate or necessary to subject Evans to either a psychiatric evaluation or drug test prior to trial. The court is confident that the defendant, based upon the information available to counsel, will be able to effectively cross-examine Evans.[7] Moreover, if warranted, the court may include an "addict" jury instruction. *See United States v. Nicholson,* 983 F.2d 983, 991 (10th Cir.1993); *United States v. Smith,* 692 F.2d 658, 661 (10th Cir.1982), *cert. denied,* 459 U.S. 1200, 103 S.Ct. 1183, 75 L.Ed.2d 431 (1983). This motion is denied.

2. Motion for production of grand jury testimony of Johnnie Evans (Dk. 435).

The defendant requests the grand jury testimony of Johnnie Evans. According to the government's response, Evans did not testify before the grand jury. This motion is denied as moot.

IT IS THEREFORE ORDERED that Torain's motion for severance (Dk. 438) is denied as moot.

IT IS FURTHER ORDERED that Torain's motion for grand jury selection information (Dk. 437) is withdrawn by oral motion of the defendant.

IT IS FURTHER ORDERED that Torain's motion for bill of particulars (Dk. 440) is denied.

IT IS FURTHER ORDERED that Torain's motion for grand jury transcripts (Dk. 441) is denied.

IT IS FURTHER ORDERED that Torain's motion adopting other co-defendant's pre-trial motions (Dk. 442) is granted as set forth in the body of this opinion.

IT IS FURTHER ORDERED that Torain's motion for pretrial conference (Dk. 461) is denied as moot.

IT IS FURTHER ORDERED that the defendant's motion for drug testing and evaluation of government witness and informant Johnnie Evans (Dk. 436) is denied.

7. The defendant, may, of course, renew this motion during trial if the facts and testimony estab-

IT IS FURTHER ORDERED that the defendant's motion for production of grand jury testimony of Johnnie Evans (Dk. 435) is denied as moot.

lish a greater need than has been demonstrated at this point in time.