66 F.3d 337
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Mario Zamora MOYA, Defendant-Appellant.
 No. 94-10341.
 United States Court of Appeals, Ninth Circuit.
 Submitted Aug. 14, 1995.
Decided Sept. 8, 1995.
 
 1
 Before: D.W. NELSON and T.G. NELSON, Circuit Judges, and KING,* District Judge.
 
 
 2
 MEMORANDUM**
 
 
 3
 Defendant Mario Zamora Moya ("Moya") appeals from a conviction for conspiracy to distribute cocaine and possession with intent to distribute cocaine, in violation of 21 U.S.C. Secs. 841(a)(1) and 846. We have jurisdiction pursuant to 28 U.S.C. Sec. 1291 and affirm.
 
 
 4
 Defendant Moya claims that the Government failed to introduce sufficient evidence at trial to permit a rational trier of fact to find each of the elements of the conspiracy and possession with intent to distribute charges beyond a reasonable doubt. With respect to the conspiracy count, Moya contends the Government failed to show he was actually a member of the conspiracy rather than simply a disinterested bystander or that he committed any act in furtherance of the conspiracy. With respect to the possession with intent to distribute count, Moya claims the Government failed to show that he ever had either actual or constructive possession of the drug.
 
 
 5
 To convict Moya of conspiracy to distribute cocaine, the government had to show first that a conspiracy existed--a fact Moya does not dispute--and that Moya knowingly and voluntarily joined the conspiracy. United States v. Meyers, 847 F.2d 1408, 1413 (9th Cir.1988). Contrary to Moya's contention, however, the Government need not prove one or more overt acts in furtherance of a drug conspiracy. See United States v. Shabani, 115 S.Ct. 382, 385 (1994). The existence of even a slight connection between the Defendant and the conspiracy, if proven beyond a reasonable doubt, is sufficient for conviction. United States v. Mares, 940 F.2d 455, 458 (9th Cir.1991). Such connection may be proved by circumstantial evidence. Id.
 
 
 6
 There is more than sufficient evidence for a jury to have found beyond a reasonable doubt that Moya knowingly and voluntarily participated in a conspiracy to distribute cocaine. The cases Moya cites in which this court reversed convictions based on a defendant's mere proximity to contraband or casual association with conspirators are inapplicable here. Accordingly, Moya's conspiracy conviction is supported by sufficient evidence.
 
 
 7
 The jury was correctly instructed on co-conspirator liability with respect to the possession with intent to distribute count, to wit: Where a conspiracy is established and it is shown that a defendant was a party to that conspiracy, and the defendant's co-conspirator possessed cocaine with the intent to distribute the drug in furtherance of the conspiracy, then the defendant is liable for possession as well. See United States v. Crespo de Llano, 838 F.2d 1006, 1019 (9th Cir.1987).
 
 
 8
 There is ample evidence that Moya participated in a conspiracy to distribute cocaine. Moreover, it is undisputed that Carbajal possessed cocaine with the intent of distributing it in furtherance of the same conspiracy. Accordingly, the jury correctly found Moya liable for possession with intent to distribute.
 
 
 9
 The judgment of the district court is AFFIRMED.
 
 
 
 *
 Honorable Samuel P. King, Senior United States District Judge for the District of Hawaii, sitting by designation
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3