86 F.3d 1165
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Silas VALDEZ, Defendant-Appellant.
 No. 95-10212.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted May 10, 1996.
Decided May 23, 1996.
 
 Before: FLETCHER, D.W. NELSON, and CANBY, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 We affirm the district court's judgment and sentence.
 
 
 3
 The tape recordings at issue were cumulative and thus properly excluded under FedR.Evid. 403. Moreover, even without the tapes, the jury had sufficient information upon which to make a discriminating appraisal of the testimony of the co-conspirators. United States v. Brown, 936 F.2d 1042, 1048-49 (9th Cir.1991). In addition, because the matters at issue were of minimal relevance, the judge acted within his discretion in refusing to allow Valdez to use these tapes to refresh Agent Dinlocker's memory. Fed.R.Evid. 403.
 
 
 4
 The judge did not err in limiting the cross-examination of Agent Dinlocker to the scope of direct examination. Fed.R.Evid. 602, 611(b).
 
 
 5
 The judge's instructions to the jury obviated any potential adverse impact of his admonitions to counsel. United States v. Sanchez-Lopez, 879 F.2d 541, 553 (9th Cir.1989).
 
 
 6
 The court did not err in its rereading of the conspiracy instructions. The court's summary explanation of the requirements for conspiracy merely recapitulated what the Supreme Court has determined to be the "essence" of criminal conspiracy: an agreement to commit an unlawful act. United States v. Shabani, 115 S.Ct. 382, 386 (1994) (citation omitted).
 
 
 7
 The newly discovered evidence as to Ferreira's prior conviction was inconsequential and not likely to have resulted in an acquittal. United States v. Kulczyk, 931 F.2d 542, 548 (9th Cir.1991).
 
 
 8
 Because Valdez participated in other drug transactions and understood the scope and structure of the transaction at issue in this case, the court properly refused to sentence Valdez as a "minimal" participant under U.S.S.G. § 3B1.2(a).
 
 
 9
 AFFIRMED.
 
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3