IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 00-20247
Conference Calendar
_____

UNITED STATES OF AMERICA,

                                        Plaintiff-Appellee,

versus

PABLO JARAMILLO-PONCE,

                                        Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Southern District of Texas
USDC No. H-99-CR-595-1
--------------------
October 19, 2000

Before SMITH, BARKSDALE, and BENAVIDES, Circuit Judges.

PER CURIAM:*

     Pablo Jaramillo-Ponce (Jaramillo) appeals the sentence imposed following his guilty-plea conviction for illegal reentry into the United States in violation of 8 U.S.C. § 1326. Jaramillo argues that his prior felony conviction was an element of the offense of conviction. Jaramillo acknowledges that his argument is foreclosed by Almendarez-Torres v. United States, 523 U.S. 224 (1998), but he seeks to preserve the issue for Supreme Court review in light of Apprendi v. New Jersey, 120 S. Ct. 2348

_____

     * Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

(2000). This argument is foreclosed by <u>Almendarez-Torres</u>, 523 U.S. at 235.

Jaramillo also challenges a sixteen-level increase to his base offense level pursuant to U.S.S.G. § 2L1.2(b)(1)(A). Jaramillo's argument that possession of marijuana does not qualify as an "aggravated felony" for purposes of § 2L1.2 is foreclosed by our decision in <u>United States v. Hinojosa-Lopez</u>, 130 F.3d 691, 693-94 (5th Cir. 1997). Jaramillo argues that this issue is not foreclosed by <u>Hinojosa-Lopez</u> because he raises it as a rule-of-lenity argument. "The rule of lenity . . . applies only when, <u>after</u> consulting traditional canons of statutory construction, [a court is] left with an ambiguous statute." <u>United States v. Shabani</u>, 513 U.S. 10, 17 (1994) (emphasis added). It follows from our decision in <u>Hinojosa-Lopez</u> that the term "aggravated felony" is not so ambiguous as to require an application of the rule of lenity. <u>See</u> <u>Hinojosa-Lopez</u>, 130 F.3d at 693-94.

The judgment of the district court is AFFIRMED.