IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 00-20804
Conference Calendar
_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

VICTOR MANUEL MONTES-MANZANO,
also known as Victor Manual Montes Manzano,

Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Southern District of Texas
USDC No. H-00-CR-172-1
--------------------
April 11, 2001

Before JOLLY, HIGGINBOTHAM, and JONES, Circuit Judges.

PER CURIAM:[*]

Victor Manuel Montes-Manzano (Montes) appeals the 41-month sentence imposed following his guilty plea to a charge of being found present in the United States after deportation, a violation of 8 U.S.C. § 1326. Relying on Apprendi v. New Jersey, 530 U.S. 466 (2000), Montes argues that the aggravated-felony conviction that resulted in his enhanced sentence under 8 U.S.C. § 1326(b)(2) was an element of the offense that should have been alleged in the indictment. As Montes acknowledges, however, his

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

argument remains foreclosed by <u>Almendarez-Torres v. United States</u>, 523 U.S. 224 (1998). <u>See</u> <u>United States v. Dabeit</u>, 231 F.3d 979, 984 (5th Cir. 2000)(stating that <u>Apprendi</u> did not overrule <u>Almendarez-Torres</u>), <u>cert. denied</u>, 121 S. Ct. 1214 (2001).

Montes also challenges a sixteen-level increase to his base offense level pursuant to U.S.S.G. § 2L1.2(b)(1)(A). Specifically, Montes argues that his prior Texas conviction for possession of less than one gram of cocaine does not qualify as an "aggravated felony" for purposes of § 2L1.2. Montes' argument, however, is foreclosed by our decision in <u>United States v. Hinojosa-Lopez</u>, 130 F.3d 691, 693-94 (5th Cir. 1997). Montes maintains that this issue is not foreclosed by <u>Hinojosa-Lopez</u> because he raises it as a rule-of-lenity argument. "The rule of lenity . . . applies only when, ***after*** consulting traditional canons of statutory construction, [a court is] left with an ambiguous statute." <u>United States v. Shabani</u>, 513 U.S. 10, 17 (1994)(emphasis added). It follows from the interpretation reached by this court in <u>Hinojosa-Lopez</u> that the term "aggravated felony" is not so ambiguous as to require an application of the rule of lenity. <u>See</u> <u>Hinojosa-Lopez</u>, 130 F.3d at 693-94.

AFFIRMED.