IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 00-20936
Summary Calendar
_____


UNITED STATES OF AMERICA,

                                        Plaintiff-Appellee,

versus

MIGUEL ANGEL GUILLEN-OCHOA,
also known as Miguel Angel Guillen,
also known as Miguel Guillen,

                                        Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Southern District of Texas
USDC No. H-00-CR-354-1
--------------------
May 28, 2001

Before HIGGINBOTHAM, WIENER, and BARKSDALE, Circuit Judges.

PER CURIAM:[*]

Defendant-Appellant Miguel Angel Guillen-Ochoa appeals his conviction based on his plea of guilty to attempted illegal reentry into the United States following deportation. He also appeals his sentence.

Regarding his conviction, Guillen-Ochoa argues that a prior aggravated felony conviction is an element of the offense under 8 U.S.C. § 1326, not merely a sentencing factor, and thus must be alleged in the indictment. He concedes, however, that we cannot

        [*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

grant relief on this issue because of the Supreme Court's decision in <u>Almendarez-Torres v. United States</u>, 523 U.S. 224 (1998). He nevertheless seeks to preserve the issue for Supreme Court review in light of the doubt about the decision in that case subsequently expressed by the Court in <u>Apprendi v. New Jersey</u>, 530 U.S. 466 (2000), even though <u>Apprendi</u> did not overrule <u>Almendarez-Torres</u>. <u>See</u> <u>Apprendi</u>, 530 U.S. at 489; <u>see</u> <u>also</u> <u>United States v. Dabeit</u>, 231 F.3d 979, 984 (5th Cir. 2000), <u>cert. denied</u>, 121 S. Ct. 1214 (2001).

Guillen-Ochoa also challenges the 16-level increase to his base offense level for attempted illegal reentry. The increase was imposed under U.S.S.G. § 2L1.2(b)(1)(A), implicating "aggravated felonies." Guillen-Ochoa's argument that his Texas conviction for possession of cocaine does not qualify as an aggravated felony for purposes of U.S.S.G. § 2L1.2 is foreclosed by our decision in <u>United States v. Hinojosa-Lopez</u>, 130 F.3d 691, 693-94 (5th Cir. 1997). Guillen-Ochoa argues that this claim is nonetheless available to him because he raises it under the rule of lenity. He is wrong. "The rule of lenity . . . applies only when, <u>after</u> consulting traditional canons of statutory construction, [a court is] left with an ambiguous statute." <u>United States v. Shabani</u>, 513 U.S. 10, 17 (1994) (emphasis added). It follows from our decision in <u>Hinojosa-Lopez</u> that, even if the term "aggravated felony" remains ambiguous at all, it is not so ambiguous as to require an application of the rule of lenity. <u>See</u> <u>Hinojosa- Lopez</u>, 130 F.3d at 693-94.

Guillen-Ochoa also contends that neither of his other Texas convictions —— one for unauthorized use of a motor vehicle and the other for unlawfully carrying a weapon in a tavern —— qualifies as an aggravated felony for purposes of U.S.S.G. § 2L1.2. Because the aggravated felony sentence enhancement of which Guillen-Ochoa complains is supported by his Texas conviction for possession of cocaine, which is sufficient on its own to justify the enhancement in question, we need not and therefore do not address whether the other two offenses are aggravated felonies.

AFFIRMED.