IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 01-20097
Conference Calendar
_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

JEOVANI PINEDA-BONILLA,

Defendant-Appellant.

- - - - - - - - - -
Appeal from the United States District Court
for the Southern District of Texas
USDC No. H-00-CR-566-ALL
- - - - - - - - - -
October 29, 2001

Before WIENER, BENAVIDES, and DENNIS, Circuit Judges.

PER CURIAM:[*]

Jeovani Pineda-Bonilla appeals his sentence following his guilty-plea conviction for illegal reentry by a previously deported alien, 8 U.S.C. § 1326(a) and (b)(2).  He argues that the district court erred by increasing his offense level by sixteen based on his prior conviction for possession of cocaine because:  1) mere possession of cocaine should not be considered a "drug trafficking crime"; and 2) the rule of lenity requires that the term "drug trafficking" to be defined as excluding his cocaine possession conviction.  Pineda-Bonilla concedes that his

_____

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

arguments are foreclosed by this court's precedent, and he states that he raises them here solely for issue preservation purposes.

Pineda-Bonilla's argument that his Texas conviction for possession of cocaine does not qualify as an aggravated felony for purposes of U.S.S.G. § 2L1.2 is foreclosed by our decision in United States v. Hinojosa-Lopez, 130 F.3d 691, 693-94 (5th Cir. 1997). His assertion that this claim is nonetheless available to him because he raises it under the rule of lenity is also unavailing. "The rule of lenity . . . applies only when, after consulting traditional canons of statutory construction, [a court is] left with an ambiguous statute." United States v. Shabani, 513 U.S. 10, 17 (1994). It follows from our decision in Hinojosa-Lopez that, even if the term "aggravated felony" remains ambiguous at all, it is not so ambiguous as to require an application of the rule of lenity. See Hinojosa- Lopez, 130 F.3d at 693-94. Accordingly, the district court did not err in determining that Pineda-Bonilla's prior conviction in Texas for possession of cocaine qualified as a drug trafficking crime for purposes of the sentencing enhancement.

AFFIRMED.