United States Court of Appeals
Fifth Circuit

**F I L E D**

**July 9, 2004**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

No. 03-50741
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

DOUGLAS JERROLD BEMIS, JR.,

Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Western District of Texas
No. MO-02-CR-102-1
--------------------

Before SMITH, DeMOSS, and STEWART, Circuit Judges.

PER CURIAM:*

Douglas Bemis appeals the revocation of his supervised re-
lease. He argues that the District Court for the Western District
of Texas did not have jurisdiction over the revocation proceedings
pursuant to 18 U.S.C. § 3605. Bemis contends that because the

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion
should not be published and is not precedent except under the limited circum-
stances set forth in 5TH CIR. R. 47.5.4.

Western District of Missouri was the sentencing court, as well as the court that imposed the conditions of supervised release, the Missouri court was the only one with jurisdiction to preside over the revocation proceedings.

Given a plain reading of 18 U.S.C. § 3605, the purpose of the statute, and <u>United States v. Ramirez</u>, 2004 WL 962898 (5th Cir. May 4, 2004), the District Court for the Western District of Texas had jurisdiction over Bemis's revocation proceedings. <u>See</u> <u>United States v. Santos-Riviera</u>, 183 F.3d 367, 369 (5th Cir. 1999); <u>United States v. Ron Pair Enters., Inc.</u>, 489 U.S. 235, 242 (1989). We also reject Bemis' argument that the rule of lenity applies. Here, 18 U.S.C. § 3605 is not so ambiguous as to require an application of the rule. <u>United States v. Shabani</u>, 513 U.S. 10, 17 (1994).

AFFIRMED.