UNITED STATES of America

v.

Lamondes WILLIAMS, Defendant.

Criminal No. JKB–11–0162.

United States District Court,
D. Maryland.

Oct. 20, 2011.

---

Mara Zusman Greenberg, Office of the U.S. Attorney, Greenbelt, MD, Paul E. Budlow, Rod J. Rosenstein, Office of the United States Attorney, Baltimore, MD, for Plaintiff.

### *MEMORANDUM AND ORDER*

JAMES K. BREDAR, District Judge.

Defendant Lamondes Williams has filed a motion to dismiss the superseding indictment against him because it allegedly fails to include an overt act and, he argues, it is necessary for the Government to plead an overt act in an indictment under the mail or wire fraud statute, 18 U.S.C. § 1349. (ECF No. 64.) The Court has considered Williams's submission as well as the response of the Government (ECF No. 72)

and concludes no hearing is necessary, Local Rule 105.6 (D.Md.2011). The motion is without merit and is DENIED.

Williams has cited two Fourth Circuit cases to support his theory that an overt act must be pleaded in an indictment under section 1349. But the two cases he cites speak only in general terms of traditional conspiracy law and do not specifically hold that the Government must plead an overt act under section 1349. *See United States v. Hedgepeth,* 418 F.3d 411, 420 (4th Cir.2005); *United States v. Dozie,* 27 F.3d 95, 97 (4th Cir.1994). As the Government points out, the general conspiracy statute, 18 U.S.C. § 371, specifically includes an overt act as a required element of the crime when it says, "and one or more of such persons do any act to effect the object of the conspiracy." However, the Supreme Court has held with regard to a drug conspiracy under 21 U.S.C. § 846 that the plain language of the statute shows that no proof of an overt act is necessary for that crime. *United States v. Shabani,* 513 U.S. 10, 17, 115 S.Ct. 382, 130 L.Ed.2d 225 (1994).

Moreover, the Supreme Court's decisions in *Salinas v. United States,* 522 U.S. 52, 118 S.Ct. 469, 139 L.Ed.2d 352 (1997), and *Whitfield v. United States,* 543 U.S. 209, 125 S.Ct. 687, 160 L.Ed.2d 611 (2005), utilized the same reasoning as in *Shabani* and reached the same result for the Racketeer Influenced and Corrupt Organizations Act's conspiracy provision, 18 U.S.C. § 1962(d), and the money laundering statute, 18 U.S.C. § 1956(h), respectively. The Court stated in *Whitfield* in relation to section 1956(h), "Because the text of § 1956(h) does not expressly make the commission of an overt act an element of the conspiracy offense, the Government need not prove an overt act to obtain a conviction." 543 U.S. at 214, 125 S.Ct. 687. Further, the Court noted, "Congress has included an express overt-act requirement in at least 22 other current conspiracy statutes, clearly demonstrating that it knows how to impose such a requirement when it wishes to do so." *Id.* at 216, 125 S.Ct. 687. *See also United States v. Bolden,* 325 F.3d 471, 491 (4th Cir.2003) (in pre-*Whitfield* decision, applying *Shabani* analysis to conclude money laundering statute's conspiracy provision, 18 U.S.C. § 1956(h), does not include overt act requirement). Applying this line of cases to the instant indictment, the Court holds, no pleading or proof of an overt act is required under 18 U.S.C. § 1349.