
**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 11-10165 |
| Plaintiff - Appellee, | D.C. No. 4:10-cr-00039-FRZ-GEE-8 |
| v. | |
| VENANCIO CASAREZ-SANCHEZ, | MEMORANDUM[*] |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the District of Arizona
Frank R. Zapata, Senior District Judge, Presiding

Argued and Submitted November 5, 2012
San Francisco, California

Before: SACK,[**] GOULD, and M. SMITH, Circuit Judges.

Defendant Venancio Casarez-Sanchez appeals his conviction of conspiracy

to possess with intent to distribute 1,000 kilograms or more of marijuana and

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]     The Honorable Robert D. Sack, Senior Circuit Judge for the United States Court of Appeals for the Second Circuit, sitting by designation.

possession with intent to distribute 1,000 kilograms or more of marijuana.  We have jurisdiction under 28 U.S.C. § 1291, and we affirm the district court.

Defendant contends that the district court abused its discretion by admitting statements of Defendant's co-conspirators made after Defendant's arrest and release.  The district court did not abuse its discretion because "[a]n unarrested co-conspirator still operating in furtherance of the conspiracy may say and do things which may be introduced against the arrested one if the conspiracy is still in operation."  *United States v. Wentz*, 456 F.2d 634, 637 (9th Cir. 1972); *see also* Fed. R. Evid. 801(d)(2)(E).

Here, the government proved a single overarching conspiracy to import marijuana to Tucson and Phoenix using tractor trailers, and this conspiracy continued after Defendant's arrest.  A conspiracy is presumed to continue unless there is affirmative evidence of abandonment or withdrawal.  *United States v. Wilbur*, 674 F.3d 1160, 1176 (9th Cir. 2012).  Defendant did not prove that he or his co-conspirators abandoned or withdrew from the drug-trafficking conspiracy.  Merely asserting that co-conspirators lacked knowledge of the April 14 drug load does not necessarily prove that multiple, separate conspiracies existed.  *See United States v. Taren–Palma*, 997 F.2d 525, 530 (9th Cir. 1993), *overruled on other grounds by United States v. Shabani*, 513 U.S. 10, 11 (1994).

2

Defendant also asserts that there was insufficient evidence to establish the conspiracy alleged in the indictment. When viewed in the light most favorable to the government, the evidence was adequate to allow a rational trier of fact to find the essential elements of the crime beyond a reasonable doubt. *See United States v. Nevils*, 598 F.3d 1158, 1164 (9th Cir. 2010) (en banc) (citing *Jackson v. Virginia*, 443 U.S. 319 (1979)). The government proved the single drug conspiracy to import marijuana to the Southwest as charged.

Finally, Defendant contends that there was a fatal variance between the conspiracy charged in the indictment and the evidence at trial. We review this claim de novo. *United States v. Doss*, 630 F.3d 1181, 1191 (9th Cir. 2011). For the reasons articulated above, the evidence presented at trial is consistent with a single conspiracy to possess with intent to distribute 1,000 or more kilograms of marijuana.

**AFFIRMED**.