**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 14-50475 |
| Plaintiff - Appellee, | D.C. No. 8:13-cr-00080-AG-1 |
| v. | |
| BILLY LOUIS NELMS, Sr., AKA Billy Louis Nelms, | MEMORANDUM[*] |
| Defendant - Appellant. | |

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 14-50523 |
| Plaintiff - Appellee, | D.C. No. 8:13-cr-00080-AG-2 |
| v. | |
| SOKHON NELMS, AKA Sokhon Khourn, | |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the Central District of California
Andrew J. Guilford, District Judge, Presiding

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

Submitted June 6, 2016[]
Pasadena, California

Before: REINHARDT and WARDLAW, Circuit Judges and BENNETT,[***] Senior District Judge.

Defendant Billy Nelms (hereinafter "Billy") is a former immigration officer who took bribes and provided temporary permanent resident status in return to Cambodian immigrants. He and his wife, Defendant Sokhon Nelms (hereinafter "Sokhon"), also contacted government witnesses named in his indictment while he was on pre-trial release. He was convicted at trial of (i) one count of conspiracy to commit bribery and defraud the United States, 18 U.S.C. § 371; (ii) one count of conspiracy to commit witness tampering, 18 U.S.C. § 1512(k); (iii) two counts of bribery by a public official, 18 U.S.C. § 201(b)(2); and (iv) two counts of witness tampering, 18 U.S.C. § 1512(b)(1). The jury also found that the statutory enhancement for commission of the witness tampering offenses while on release, 18 U.S.C. § 3147, should apply. Subsequently, he was sentenced to 51-months imprisonment.

---

[**]    The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

[***]    The Honorable Mark W. Bennett, Senior District Judge for the U.S. District Court for the Northern District of Iowa, sitting by designation.

Defendant Sokhon Nelms, Billy's wife, was also convicted of one count of conspiracy to commit witness tampering, 18 U.S.C. § 1512(k), and two counts of witness tampering, 18 U.S.C. § 1512(b)(1), and was sentenced to 18-months imprisonment.

Billy argues that his conspiracy convictions should be reversed because the jury instructions on those charges were confusing and erroneous. He also contends that the district court engaged in impermissible double counting when calculating his sentence. Sokhon does not contest her conviction. Rather, she argues that the district court abused its discretion when imposing her below-guidelines sentence. None of the defendants' arguments has merit, and accordingly, we affirm.

1. "We review the district court's formulation of a jury instruction for abuse of discretion, although we review de novo the question whether a jury instruction misstates an element of a crime." *United States v. Dearing*, 504 F.3d 897, 900 (9th Cir. 2007). When reviewing allegedly confusing jury instructions, we examine the instructions "as a whole" and in the context of the entire trial to determine if they were "misleading or confusing, inadequately guided the jury's deliberations, or improperly intruded on the fact finding process." *United States v. Warren*, 25 F.3d 890, 898 (9th Cir. 1994).

In this case, the instruction given for both the multi-object bribery-related conspiracy, 18 U.S.C. § 371, and the witness tampering conspiracy, 18 U.S.C. § 1512(k), were taken from the Ninth Circuit Manual of Model Criminal Jury Instructions § 8.20. These instructions adequately stated the law, and, taken as a whole, they were not confusing. Contrary to Billy's argument, the instruction for the Section 371 multi-object bribery-related conspiracy adequately instructed the jury that it must unanimously agree on at least one of the conspiracy's objectives. That instruction specifically stated that the jury "must find that there was a plan to commit *at least one* of the crimes alleged in the first superseding indictment as an object of the conspiracy *with all of you agreeing* as to the particular crime which the conspirators agreed to commit." That instruction is more than sufficient to guide the jury. *See, e.g.*, *United States v. Friedman*, 445 F.2d 1076, 1084 (9th Cir. 1971).

Further, the jury was not likely to be confused by the differences between the two instructions. Billy contends that the jury may have been confused by the fact that the Section 371 conspiracy had an overt act requirement, but the Section 1512(k) conspiracy did not. The difference between the two instructions, however, is required by the law—Section 1512(k) does not require an overt act. *See United States v. Shabani*, 513 U.S. 10, 14 (1994). Billy provides no support in precedent

4

or in logic for his argument that "confusion blossoms" from the district court's decision to accurately state the elements of each conspiracy. Finally, we reject Billy's argument that the Section 1512(k) instruction was confusing because it required the jury to find that the defendant "willfully participat[ed] in the unlawful plan," which he claims is "tantamount" to an overt act requirement. That argument ignores the plain language of the instruction. Because the conspiracy instructions adequately guided the jury's factfinding process, did not intrude on that process, and were not misleading or confusing, we affirm.

2. Billy next challenges his sentence, claiming that the district court engaged in impermissible double counting when it calculated his sentence. He is wrong. It is undisputed that Billy's witness tampering conduct was an obstruction of justice offense that qualified for a U.S.S.G. § 3C1.1 two-level enhancement. The district court therefore appropriately applied that enhancement by calculating the guideline range of 51 to 63 months. After considering the 3553(a) factors, the judge chose a sentence of 51 months. However, because the jury determined that Billy's witness tampering conduct had been committed while on pretrial release, the judge applied the statutory enhancement under 18 U.S.C. § 3147, which required that any witness tampering sentence be served consecutively. In order not to exceed the 51 month sentence the judge deemed appropriate, he divided that

sentence into 45 months for the bribery-related charges and 6 months for the witness tampering, to be served consecutively. This was necessary in order to comply with 18 U.S.C. § 3147 and the Guidelines. *See* U.S.S.G. § 3C1.1, cmt. 1. At no point did the judge increase Billy's offense level twice for the same conduct. Accordingly, no double counting occurred.

3. Sokhon raises only one challenge on appeal: that the district court abused its discretion in imposing her below-guidelines sentence because the court impermissibly considered the unrelated conduct of her husband, the government's witnesses, and her culture.[1] Sokhon's argument is based on statements made by the district judge that are taken out of context. When placed in context, the message of the district judge is clear: Sokhon's attempts to tamper with the witnesses against her husband were serious in nature because her crime affected the integrity of the criminal justice system and sent a negative message to new immigrants about the rule of law in this country. These statements, therefore, were relevant considerations under 18 U.S.C. § 3553(a).

We affirm in both cases.

---

[1] According to the Bureau of Prisons, Sokhon was released from prison on April 27, 2016. This appeal is not moot, however, because she is currently serving a term of supervised release. *See United States v. Verdin*, 243 F.3d 1174, 1178 (9th Cir. 2001).

**AFFIRMED.**