KAVANAUGH, Circuit Judge,,
concurring in. part and dissenting in part:
I join all except Part II.C of the majority opinion..I write separately to elaborate on the Weingarten issue, addressed in Part II,B and to disagree on the information-request issue addressed in Part II.C.
First, the Board concluded that the hospital violated the Weingarten rights of nurses Centye and Smith. (Under Wein-garten; union members have a right to be accompanied by a union representative during certain'investigative interviews conducted by employers. See NLRB v. J. Weingarten, Inc., 420 U.S. 251, 256, 95 S.Ct. 959, 43 L.Ed.2d 171 (1975).) The majority opinion rejects the Board’s conclusion. I agree with the majority opinion. *1304 In rejecting the Board’s conclusion, however, the majority opinion does not address the threshold question of whether Wein-garten rights apply in the first place in peer review committee interviews. Instead, the majority opinion concludes that, even assuming arguendo that Weingarten rights apply, Weingarten was not violated in this case. The majority opinion’s silence on the threshold question of course should not be interpreted as an implicit conclusion that Weingarten rights apply in peer review committee interviews. See, e.g., Bryan A. Garner et al., The Law of Judicial Precedent 84 (2016); United States v. Shabani, 513 U.S. 10, 16, 115 S.Ct. 382, 130 L.Ed.2d 225 (1994). Rather, that threshold question remains open in this Circuit for a future panel to address and decide.
If we were to reach the threshold question, I would hold that Weingarten rights do not apply in peer review committee interviews. Weingarten rights apply primarily in the disciplinary context when an employer conducts an investigative interview of the employee. Those rights help “redress the perceived imbalance of economic power between labor and management.” Weingarten, 420 U.S. at 262, 95 S.Ct. 959. When an interview is not part of the employer’s disciplinary process but is instead, for example, part of a state licensing process mandated by statute, Weingarten rights do not apply. Cf. Mt. Vernon Tanker Co. v. NLRB, 549 F.2d 571, 575 (9th Cir. 1977). Because the peer review committee at issue here is not part of the hospital’s disciplinary process and is instead part of the state licensing process, employees do not have Weingarten rights in interviews conducted by the peer review committee.
Second, the Board concluded that the hospital violated the National Labor Relations Act when the hospital did not comply with the Union’s requests for information about the inner workings of the peer re: view committee. The majority opinion sustains the Board’s decision. Even taking into account our deferential standard of review, I cannot uphold the Board’s decision on this issue. I instead would rule in accord with Member Johnson’s dissent from the Board’s decision.
To assess a union’s information request, the Board balances the employer’s confidentiality interest in the information against the union’s need for the information. See Howard Industries, Inc., 360 NLRB No. Ill, at 2 (2014).
Here, as exemplified by Kansas’s peer review statute, the hospital possesses a strong interest in protecting the confidentiality of the peer review process. Kan. Stat. Ann. § 65-4915(b). Maintaining confidentiality helps ensure the frank participation of medical professionals in peer review committee deliberations. As the American Hospital Association explains: “Without strict confidentiality, peer review’s effectiveness would collapse.” American Hospital Association Br. 11. Confidentiality is therefore essential to an effective peer review process, and the peer review process in turn is critical to improving the quality and safety of health care. For that reason, almost every State—including Kansas—has rules protecting the confidentiality of peer review proceedings.
While the hospital’s confidentiality interest in the requested information is weighty, the Union’s need for that information is minimal at best. That is because the peer review committee does not itself threaten “direct adverse employment action” against the Union’s members. Midwest Division—MMC, LLC, 362 NLRB No. 193, at 10 (2015) (Johnson, dissenting). As Member Johnson explained, peer review committees are instead “part of the State’s regulatory apparatus for overseeing its licensed healthcare professionals *1305 and the overall adequacy of healthcare in the State of Kansas.... Because the committees do not represent the [hospital] and because their findings are submitted to the State as part of the regulatory scheme, the Union’s interest in information about the committee’s internal deliberations is limited. Peer review does not directly implicate the [hospital’s] disciplinary process nor'either party’s obligations under the collective-bargaining agreement.” Id.
After considering the hospital’s confidentiality interest and the Union’s need for the information, the Board here should have rejected most of the Union’s information request,- as Member Johnson explained in his dissent. Instead, the Board granted the Union’s request. In doing so, the Board gave very short shrift to the hospital’s confidentiality interest in the requested information and significantly exaggerated the Union’s need for the information. See id. at 7-11. I would vacate the Board’s order to the extent it ruled that the Union was entitled to all of' the peer review information it requested. I would remand to the Board to properly re-balance the hospital’s confidentiality interest against the Union’s asserted need for the information, in the manner suggested by Member Johnson.
With those observations, I respectfully concur in part and dissent in part.