142 F.3d 440
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Anthony Lorenzo JONES, Kelly S. Brannigan, and Wayne A.
Brannigan, Defendants-Appellants.
 No. 97-2262, 97-2266, 97-2334.
 United States Court of Appeals, Seventh Circuit.
 May 7, 1998.
 
 Appeal from the United States District Court for the Central District of Illinois.
 Before POSNER, Chief Judge, and CUDAHY and EASTERBOOK, C.J.
 MCDADE, Judge.
 
 Order
 
 1
 Anthony Jones, Kelly Brannigan, and Wayne Brannigan were convicted of conspiring to distribute cocaine, in violation of 21 U.S.C. § 846.* Jones was sentenced to 292 months' imprisonment, Kelly Branningan to 324 months' imprisonment, and Wayne Brannigan to life imprisonment. The three defendants collectively present 13 arguments, none of which persuades us that the district court committed reversible error. We discuss briefly several of the contentions. Other arguments concern the district judge's exercise of the substantial discretion entailed in trial management--for example, to try the defendants jointly, see Zafiro v. United States, 506 U.S. 534, 541 (1993)--and do not require comment beyond the observation that the discretion was not abused.
 
 
 2
 1. The initial indictment, on which defendants were arraigned in March 1996, charged a simple conspiracy of short duration. A superseding indictment returned in August placed the beginning of the conspiracy in 1990, greatly expanding its scope and the complexity of the proof. The new charge led the district judge to exclude time from the calculation under the Speedy Trial Act, so that all parties would have adequate time to prepare for trial, which ultimately began in October. The district court allowed extra time under 18 U.S.C. § 3161(h)(8)(A), which permits a court to delay the start of the trial if "the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial." The judge concluded that the ends of justice would be served by a delay because the alternative was multiple trials--one on a charge of conspiracy in 1995, and another on a charge of conspiracy earlier in the 1990s, which could multiply the punishment as well as the number of trials. The Brannigans do not disagree with this assessment so much as they seem to think that the alternative was for the judge to prevent the grand jury from returning a new indictment with a more comprehensive charge. But a judge has no such power. The grand jury, in conjunction with the executive branch of government, decides which charges to bring. The superseding indictment was filed within the statute of limitations, so the only real issue was whether the defendants would be tried once or twice. The district judge did not err in using § 3161(h)(8)(A) to produce a single trial. See United States v. Wilson, 962 F.2d 621, 623-24 (7th Cir.1992).
 
 
 3
 2. A second argument, on which Jones takes the lead, is that an "accumulation of trial errors so infected the proceedings that Jones was denied his Sixth Amendment right to a fair and impartial trial". That is a serious charge, but one unsupported by the record, for we do not find an "accumulation of trial errors", let alone errors of this magnitude. Jones believes that the judge should have stopped the prosecutor from showing that many people other than the defendants bought or sold drugs--arguably to, from, or in connection with the other defendants. In one sense all of this evidence was beside the point, for a drug conspiracy is completed by agreement, without need to prove an overt act. United States v. Shabani, 513 U.S. 10 (1994). But it does not follow that the prosecutor is forbidden to show overt acts by the defendants, or others who may have been associated with the conspiracy, in order to lend credence to the claim that an unlawful agreement existed among the defendants. Cf. Old Chief v. United States, 117 S.Ct. 644 (1997). If the evidence was completely unconnected with any of the defendants, then it is difficult to see how it caused prejudice (although it is easy to see how the district judge could become exasperated; the time of busy judges and jurors should not be wasted). Counsel could have made hay by observing to the jury that although the prosecutor may have shown that Ed Perkens, Rick Timmons, Reginald Humes, and the like, are bad actors, the United States did not prove that the defendants conspired. But if, as seems likely, this evidence tended to show that an ongoing criminal organization existed, the prosecutor did not have to establish by the same evidence that any particular defendant was a member. Proof of an organization's existence and membership can be adduced separately--and evidence that Conspirator A committed a particular overt act with Nonconspirator X is neither irrelevant nor prejudicial with respect to Conspirator B, as Jones appears to believe. A conspirator is responsible for the acts of his fellow miscreants. The district judge blocked the use of evidence that he deemed too far afield. Drawing lines in the management of a conspiracy trial is difficult; we do not think that the lines drawn here were reversible error.
 
 
 4
 3. The case agent sat at the prosecution's table throughout the trial and testified twice. According to the Brannigans, this permitted the case agent to tailor his testimony to that of other witnesses. They contend that the case agent should have been required to testify early in the trial or should have been banished from the courtroom except when testifying. But Fed.R.Evid. 615(2) permits an organization to designate a representative who may be present throughout the trial, even if that representative also serves as a witness, and Rule 611(a) permits the judge to control the "mode and order of interrogating witnesses and presenting evidence". See United States v. Adamo, 882 F.2d 1218, 1235 (7th Cir.1989). No case of which we are aware holds that it is reversible error to permit a case agent to take the stand a second time if developments during trial commend that step to the judge. United States v. Mitchell, 733 F.2d 327 (4th Cir.1984), opines that it is "better practice" for the case agent to testify first, but good practice in the normal case is a far cry from a universal legal obligation.
 
 
 5
 4. Both a statute and the Sentencing Guidelines treat 1 gram of crack cocaine as equivalent to 100 grams of powder cocaine. Jones contends that this difference is unconstitutional. This argument has been rejected before. E.g., United States v. Booker, 73 F.3d 706 (7th Cir.1996). See also Randall Kennedy, The State, Criminal Law, and Racial Discrimination: A Comment, 107 Harv.L.Rev. 1255 (1994). We perceive no reason to revisit the subject.
 
 
 6
 5. Defendants contend that the judge calculated the quantity of drugs incorrectly. They say that the judge believed that one or more of the defendants had admitted to dealing in more than 5 kilograms of crack, but that no such admission is in the record. During Wayne Brannigan's sentencing, the judge made it clear that he was not relying on any such supposition, and that his only finding is that each defendant is responsible for more than 1.5 kilograms of crack cocaine. Defendants' reply brief contends that this correction came too late; Kelly Brannigan already had been sentenced. Yet the district court's findings attribute only 1.5 kilos to each defendant--and this is a conservative estimate, well supported by the evidence. It is therefore impossible to see what purpose could be served by resentencing Kelly Brannigan; none of the actual findings is affected. Defendants' reply brief correctly observes that during the sentencing of Wayne Brannigan the judge "made the same findings with more reasons". Kelly Brannigan does not argue that he wishes to present additional evidence that could have altered the judge's findings, as opposed to the elaboration behind them. Resentencing would be pointless and is not required.
 
 
 7
 6. Wayne Brannigan was convicted in state court of assaulting Bryce Scott. Some testimony in the federal case linked this violence to the conspiracy's drug business. Wayne Brannigan submits that he had thus been prosecuted for the same crime in both state and federal court, so that Koon v. United States, 116 S.Ct. 2035 (1996), permits the district court to consider a downward departure. Now this is an odd argument to make, for Wayne Brannigan informs us that a debt unrelated to drugs led to his attack on Scott. If this is so, then the state conviction cannot affect the federal penalty for the drug conspiracy. But Brannigan loses no matter what inspired his state crime. In Koon the defendants had been acquitted in state court of charges arising from the very acts that led to the federal convictions, and the district judge thought that inconsistent verdicts called for adjustment in the sentence to reflect lower reliability (as well as the burden of multiple trial for the same offense). The district judge correctly observed the Wayne Brannigan's crimes are distinct. Under the Sentencing Guidelines, the assault played no role in the penalty for the drug offense. Wayne Brannigan was not prosecuted by the state for the drug offense and has not been acquitted of any conduct related to the conspiracy charge.
 
 
 8
 Defendants' other arguments have been considered but do not required discussion.
 
 AFFIRMED
 
 
 *
 The indictment and judgment spell the defendants' name "Branigan", as does the prosecutor's brief, but the defendants' brief and the court reporter spell it "Brannigan". We use the defendants' preference for their own name