IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 01-40881
Conference Calendar

_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

HOMER MONTES-GALEAS,

Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Southern District of Texas
USDC No. L-01-CR-173-ALL
--------------------
April 10, 2002

Before  SMITH, DeMOSS, and PARKER, Circuit Judges.

PER CURIAM:*

Homer Montes-Galeas appeals his guilty-plea conviction for illegal reentry into the United States after deportation in violation of 8 U.S.C. § 1326.  He argues that the indictment violates the Fifth and Sixth Amendments because it did not allege that Montes-Galeas had the general intent to reenter the United States.  Montes-Galeas' argument is foreclosed by this court's decisions in United States v. Berrios-Centeno, 250 F.3d 294, 298 (5th Cir.), cert. denied, 122 S. Ct. 288 (2001), and United

_____

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

States v. Guzman-Ocampo, 236 F.3d 233, 237-39 (5th Cir. 2000), cert. denied, 121 S. Ct. 2600 (2001).

Montes-Galeas argues that the rule of lenity requires this court to interpret the term "drug trafficking" conviction under U.S.S.G. § 2L1.2(b)(1)(A) and 8 U.S.C. § 1101(a)(43) as excluding a state conviction for drug possession.  We have held that drug possession convictions are drug-trafficking offenses as defined by U.S.S.G. § 2L1.2(b)(1)(A), 8 U.S.C. § 1101(a)(43), and 18 U.S.C. § 924(c).  See United States v. Hernandez-Avalos, 251 F.3d 505, 507 (5th Cir.), cert. denied, 122 S. Ct. 305 (2001); United States v. Hinojosa-Lopez, 130 F.3d 691, 693-94 (5th Cir. 1997).  Because we have determined that the statutes at issue are not ambiguous, the rule of lenity is not applicable to this case.  See United States v. Shabani, 513 U.S. 10, 17 (1994).

AFFIRMED.