UNITED STATES of America,
Plaintiff—Appellee,

v.

Isagani P. DELA PENA, Jr.,
Defendant—Appellant.

No. 01–10671.
D.C. No. CR–00–00126–JSU.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Jan. 16, 2003.

Decided Feb. 26, 2003.

Before SCHROEDER, Chief Judge, GOODWIN and CLIFTON, Circuit Judges.

### MEMORANDUM *

Defendant Isagani Dela Pena, Jr. appeals his conviction and sentence on a series of drug and firearms-related charges, citing a number of grounds. We affirm. Because the parties are familiar with the facts, we recite them only as necessary.

■ Dela Pena contends that he was prejudiced by the presentation to the jury of expert urinalysis testimony, even though the district court instructed the jury to disregard that testimony at the close of trial. Dela Pena's trial counsel did not object to the expert's testimony and participated in drafting the jury instruction. Where proper limiting instructions are given, "juries are presumed to follow their instructions." *Zafiro v. United States*, 506 U.S. 534, 540, 113 S.Ct. 933, 122 L.Ed.2d 317 (1993) (citation omitted). Dela Pena argues that despite the limiting instruction, the presentation was so strong and so visually enhanced, it must have affected the verdict. We disagree. The drugs and drug paraphernalia found in Dela Pena's possession, including in the house and car, were sufficient to support a reasonable inference by the jury that Dela Pena was a drug user.

■ The district court did not err in denying Dela Pena's motion to suppress the physical evidence obtained from the search of his home, for a valid search warrant had been obtained. The district court properly found that the warrant was supported by probable cause and that the search was not overbroad. The language of the warrant specifically permitted agents to search for and seize narcotics and related paraphernalia, firearms, and ammunition. A search of a residence pursuant to a warrant may include all other buildings and all other objects "within the curtilage of that residence," even if not specifically referenced in the search warrant. *United States v. Cannon*, 264 F.3d

---

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

875, 881 (9th Cir.2001), *cert. denied*, 534 U.S. 1143, 122 S.Ct. 1097, 151 L.Ed.2d 994 (2002). The closed rooms in Dela Pena's home and the objects in the safe were therefore within the purview of the search warrant. The district court did not err in admitting evidence found pursuant to the valid search.

■ Dela Pena argues for the first time on appeal that evidence taken from the automobile search should have been excluded because the vehicle stop was pretextual. Because no objection was made at trial, this Court may only reverse if the admission of the evidence constituted plain error. Fed.R.Crim.P. 52(b); *see also United States v. Olano*, 507 U.S. 725, 732–36, 113 S.Ct. 1770, 123 L.Ed.2d 508 (1993). There is no plain error here. Following an arrest based on probable cause, an inventory search of the vehicle occupied by the arrested person is permitted, regardless of whether the stop is "a mere pretext for a narcotics search." *Arkansas v. Sullivan*, 532 U.S. 769, 772, 121 S.Ct. 1876, 149 L.Ed.2d 994 (2001) (quoting *Whren v. United States*, 517 U.S. 806, 812–13, 116 S.Ct. 1769, 135 L.Ed.2d 89 (1996)). At the time Dela Pena was apprehended by the officers, they had a warrant for his arrest. This means that a probable cause determination had already been made by a judge. The actual motivations of the individual officers for making the stop of the car are irrelevant since "[s]ubjective intentions play no role in ordinary, probable-cause Fourth Amendment analysis." *Whren*, 517 U.S. at 813.

■ Dela Pena argues that he received ineffective assistance of counsel, in violation of his Sixth Amendment rights. Ineffective assistance claims are ordinarily left for collateral habeas proceedings due to the lack of a sufficient evidentiary record as to why counsel acted in a particular way, and what, if any, prejudice resulted.

*See United States v. Pope*, 841 F.2d 954, 958 (9th Cir.1988). The record is not sufficiently developed here. Dela Pena's counsel was not so inadequate as to obviously deny Dela Pena his Sixth Amendment right to counsel, so we decline to consider Dela Pena's claims of ineffective assistance on direct appeal. *See United States v. Sager*, 227 F.3d 1138, 1149 (9th Cir.2000).

■ Dela Pena contends that there was insufficient evidence to support his conviction for conspiracy to distribute over 50 grams of methamphetamine hydrochloride. In considering a challenge to the sufficiency of the evidence, we decide "whether, after viewing the evidence in the light most favorable to the prosecution, *any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *See Jackson v. Virginia*, 443 U.S. 307, 319, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979) (emphasis in original). To find a defendant guilty of a drug conspiracy, the jury only needs to find an agreement to violate a narcotics law. *United States v. Shabani*, 513 U.S. 10, 16, 115 S.Ct. 382, 130 L.Ed.2d 225 (1994). Once a conspiracy is shown, the government need only prove a "slight" connection between the defendant and the conspiracy. *United States v. Berberian*, 851 F.2d 236, 238 (9th Cir.1988), *cert. denied*, 489 U.S. 1096, 109 S.Ct. 1567, 103 L.Ed.2d 934 (1989). Here, the evidence for conspiracy included the testimony of co-conspirators, wire-tapped conversations, and corroborative physical evidence such as quantities of drugs, drug paraphernalia, and packaging materials. Taken together, this evidence can support the finding that there was more than a "slight" connection between the defendant and the conspiracy to violate narcotics laws. A reasonable trier of fact could conclude that Dela Pena conspired to distribute methamphetamine.

Dela Pena's argument that his sentence was unconstitutional under *Apprendi v. New Jersey,* 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000), also fails. Although the Government could only directly account for the 49.1 grams of methamphetamine hydrochloride Dela Pena sold to the cooperating witness, the jury was persuaded that Dela Pena was involved in other related transactions. Because the jury found that Dela Pena was engaged in a conspiracy, he was properly held responsible for "all reasonably foreseeable quantities of contraband that were within the scope of the criminal activity that he jointly undertook." U.S.S.G. § 1B1.3, comment. (n. 2) (2002). Where a defendant fails to object to his sentence before the district court, the Court of Appeals reviews his appeal of the sentence for plain error. *United States v. Pinela–Hernandez,* 262 F.3d 974, 977 (9th Cir. 2001). Since the jury believed the Government's testimony as to Dela Pena's involvement with the alleged transactions, its determination that he was guilty of conspiracy to distribute was valid. Accordingly, his sentence was proper in reflecting the quantity of substances attributed to the conspiracy as a whole. His sentence was still below the applicable statutory maximum of life imprisonment and did not violate *Apprendi.*

Dela Pena's argument that the district court should have declared a mistrial due to the phone call received by one of the jurors also fails. Denials of mistrial motions based on allegations of jury tampering are reviewed for abuse of discretion. *See United States v. Angulo,* 4 F.3d 843, 846–47 (9th Cir.1993) (citing *Remmer v. United States,* 347 U.S. 227, 229–30, 74 S.Ct. 450, 98 L.Ed. 654 (1954)). "Substantial weight" is given to the district court's assessment of the effect of extraneous information on the jury. *United States v.*

*LaFleur,* 971 F.2d 200, 206 (9th Cir.1991), *cert. denied,* 507 U.S. 924, 113 S.Ct. 1292, 122 L.Ed.2d 683 (1993) (citation omitted). Here, the district court assessed the effect of the outside contact with the jury and reasonably concluded that because the only two jurors who knew of the contact had been discharged, appropriate measures had been taken to prevent any undue influence.

Dela Pena's final claim is that the cumulative effect of the alleged trial errors prevented a fair trial. This claim is unsupportable, as this Court has found no errors to accumulate. Consequently, Dela Pena's conviction and sentence cannot be reversed on this basis.

For the reasons discussed above, we AFFIRM the conviction and sentence of the district court.