**UNITED STATES of America, Plaintiff—Appellee,**

v.

**Douglas Lee CRAMER, aka Seal A, aka Buckethead, Defendant— Appellant.**

No. 03–50038.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted March 7, 2005.

Decided March 25, 2005.

Bonnie L. Hobbs, Esq., USLA—Office of the U.S. Attorney, Los Angeles, CA, for Plaintiff–Appellee.

Scott S. Furstman, Esq., San Jose, CA, Richard D. Rome, Law Offices of Richard D. Rome, Van Nuys, CA, for Defendant–Appellant.

Before: GRABER and CALLAHAN, Circuit Judges, and BREYER, District Judge.*

## MEMORANDUM **

Douglas Lee Cramer appeals his conviction for being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1). Appellant argues that the district court erred on several evidentiary and trial-management rulings. We affirm.

■ 1. Appellant argues that the trial court's termination of defense counsel's opening statement was an abuse of discretion and a violation of his due process right to a trial free of partiality and unfairness. We review the district court's decision on issues of trial management for abuse of discretion. *United States v. Goode,* 814 F.2d 1353, 1354 (9th Cir.1987).

Although we find that the trial judge improperly limited counsel's opening statement, the error was harmless beyond a reasonable doubt. *See United States v. Taren–Palma,* 997 F.2d 525, 532 (9th Cir. 1993) (per curiam) (applying harmless error analysis to the district court's management of an opening statement), *overruled on other grounds by United States v. Shabani,* 513 U.S. 10, 115 S.Ct. 382, 130 L.Ed.2d 225 (1994). Prior to the termination of her opening statement, counsel was able to present her theory of defense and provide some information about the organization and nature of the Mongols. The jury received a reasonably detailed roadmap of defendant's case, and counsel was able develop the evidence and arguments during the remainder of the trial. Further, the district court minimized any appearance of partiality by instructing the jury that the admonition was a matter of procedure. *See Duckett v. Godinez,* 67 F.3d 734, 740 (9th Cir.1995) (noting that a new trial is appropriate when a trial judge creates "a pervasive climate of partiality and unfairness" (internal quotation marks omitted)).

■ 2. Appellant next argues that it was error for the trial judge to exclude the testimony by two witnesses that would have corroborated his testimony that he had for some time desired to leave the Mongols.

It was error to exclude the testimony because the prosecutor's questions to appellant on cross-examination suggested recent fabrication. However, we find that the error was harmless beyond a reasonable doubt. *See United States v. Boulware,* 384 F.3d 794, 808 (9th Cir.2004) (applying "harmless beyond a reasonable doubt" standard when hearsay error amounts to a constitutional violation). Even assuming the excluded testimony was admitted, appellant's duress defense would still have failed as a matter of law because he produced no evidence that he lacked a reasonable opportunity to disassociate himself from the Mongols prior to the Memorial Day run. *See United States v. Moreno,* 102 F.3d 994, 996 (9th Cir.1996) (concluding that a defendant's failure to demonstrate that he lacked a reasonable opportunity to escape gang coercion precludes a duress defense); *United States v. Solorzano–Rivera,* 368 F.3d 1073, 1081 (9th Cir.2004) (observing that a defendant has the burden of establishing duress by a preponderance of the evidence). Appellant testified that he was supposed to have taken a gun to the Memorial Day run, but that he did not in an attempt to stay out of

---

* Honorable Charles R. Breyer, United States District Judge for the Northern District of California, sitting by designation.

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

trouble. Yet he failed to present any evidence of why he did not avoid attending the event altogether. Although there was a dispute at trial regarding whether appellant could retire from the Mongols, there was no evidence presented demonstrating that he could not safely flee or seek refuge by going to the police at some time before the event occurred. *See United States v. Shryock,* 342 F.3d 948, 988 (9th Cir.2003); *see also Moreno,* 102 F.3d at 996. Accordingly, because the duress defense could have been excluded in its entirety, *see Moreno,* 102 F.3d at 997–98, no prejudice could have resulted from the exclusion of the prior consistent statements.

■ 3. Appellant next argues that the district court erred in preventing him from cross-examining two of the law enforcement witnesses for the prosecution. We need not decide whether the questions posed to Special Agent Queen went beyond the scope of the direct testimony because, even assuming it was error to prevent the questions, the error was undoubtedly harmless. The trial judge instructed defense counsel to elicit questions regarding Agent Queen's experiences in the Mongols on direct examination. Counsel did so and, therefore, no harm was done to appellant's defense.

Appellant also objects to the trial court's exclusion of testimony by Special Agent Ciccone in response to the question: "Isn't it true that it doesn't make sense for someone to fight with the [Mongols'] National President[?]" However, an answer to the question would only have supported appellant's defective duress defense. Therefore, even assuming it was error to exclude a response, the error was harmless.

■ 4. Appellant's next evidentiary objection is to the admission of evidence regarding his involvement in two prior incidents of extortion and a prior drug conviction.

A court may admit extrinsic evidence of prior conduct to demonstrate, by contradiction, that testimony given on direct examination is false. *United States v. Castillo,* 181 F.3d 1129, 1132 (9th Cir.1999). Here, the evidence of appellant's prior crimes contradicted his earlier statements that he was attempting to disassociate himself from the Mongols in order to change his life and avoid being incarcerated again. It therefore fits within the concept of impeachment by contradiction. *See id.* Moreover, the trial court did not abuse its discretion in determining that the probative value of the evidence was not substantially outweighed by unfair prejudice. Whatever prejudice may have resulted from the introduction of the evidence was reduced by the court's limiting instruction.

■ 5. Appellant next maintains that, if all of his other objections on appeal are invalid, then trial counsel's representation must have been ineffective. However, it is generally inappropriate for an appellate court to consider a claim of ineffective assistance on direct review. *See United States v. Robinson,* 967 F.2d 287, 290 (9th Cir.1992). We see no reason here to depart from that rule and therefore decline to consider the claim.

■ 6. Appellant lastly argues that the jury's verdict was contrary to the evidence presented at trial. A jury's verdict in a criminal case will not be disturbed if, viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. *United States v. Jones,* 84 F.3d 1206, 1210 (9th Cir.1996). Appellant contends that there was insufficient evidence to demonstrate that the gun referred to in the indictment was the gun he possessed on May 23, 1998. However, Agent Queen

testified at trial that the gun in the indictment was the same gun he saw appellant carrying on May 23, 1998. This testimony, along with the testimony of Agent Ciccone and appellant's written confession, provide enough evidence to support the jury's verdict.

Appellant also argues that there was "plenty of evidence that he was forced into possessing the gun." However, as already stated, appellant's duress defense failed as a matter of law.

The jury's verdict will therefore not be disturbed.

AFFIRMED.