

2005 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

7-19-2005

# Hines v. Nash

Precedential or Non-Precedential: Non-Precedential

Docket No. 05-1059

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2005

Recommended Citation

"Hines v. Nash" (2005). *2005 Decisions.* Paper 818.
http://digitalcommons.law.villanova.edu/thirdcircuit_2005/818

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2005 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

DPS-176                                                                 **NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

NO. 05-1059
_____

JEROD L. HINES,

Appellant

v.

FORMER WARDEN JOHN NASH;
CURRENT WARDEN RONNIE HOLT

_____

On Appeal From the United States District Court
For the Middle District of Pennsylvania
(D.C. Civ. No. 04-cv-02748)
District Judge: Honorable James M. Munley
_____

Submitted On Motion For Summary Affirmance
Under Third Circuit LAR 27.4 and I.O.P. 10.6
March 24, 2005

Before: ROTH, BARRY AND SMITH, <u>CIRCUIT</u> <u>JUDGES</u>

(Filed: July 19, 2005)

_____

OPINION
_____

PER CURIAM

Jerod L. Hines appeals the order of the United States District Court for the Middle

District of Pennsylvania denying his habeas petition filed pursuant to 28 U.S.C. § 2241. We will affirm.

Hines is incarcerated at the Federal Correctional Institution-Schuylkill in Pennsylvania. In his habeas petition, he states that he pleaded guilty and was sentenced in 2000 to "concurrent terms of (135) months of imprisonment following his plea agreement of guilty to . . . violations of 21 U.S.C. §§ 841(a)(1), 860 and 18 U.S.C. § 922(g)(1)," in his criminal case in the United States District Court for the Eastern District of Pennsylvania. Hines also states that he has been in custody since September 8, 1999.

Hines challenges the calculation of his good conduct time credits by the Bureau of Prisons ("BOP"). He asserts that prisoners serving sentences greater than one year are entitled to earn up to fifty-four days of good conduct time credit at the end of each year under 18 U.S.C. § 3624(b), based on the term of the sentence imposed. However, the BOP's interpretation of the statute, as implemented in BOP Program Statement 5880.28 and as applied to him, is that the fifty-four days of credit per year is based on time actually served rather than the sentence imposed, yielding a computation of forty-seven days of credit for each year of an imposed sentence. The District Court *sua sponte* denied the habeas petition. Relying on the decisions of the Seventh and Ninth Circuit Courts of Appeals in White v. Scibana, 390 F.3d 997 (7th Cir. 2004), and Pacheco-Camacho v. Hood, 272 F.3d 1266 (9th Cir. 2001), the District Court concluded that the BOP's method of calculating good conduct time credit is a reasonable interpretation of section 3624(b).

2

Hines appeals.  The appellee has filed a motion to summarily affirm the order of the District Court.

Section 3624(b) provides in relevant part:

> [A] prisoner who is serving a term of imprisonment of more than 1 year other than a term of imprisonment for the duration of the prisoner's life, may receive credit toward the service of the prisoner's sentence, beyond the time served, of up to 54 days at the end of each year of the prisoner's term of imprisonment, beginning at the end of the first year of the term, subject to determination by the Bureau of Prisons that, during that year, the prisoner has displayed exemplary compliance with institutional disciplinary regulations.

18 U.S.C. § 3624(b).  The BOP interprets the statute as allowing fifty-four days of good conduct time credit "for each year served."  28 C.F.R. § 523.20.  To effectuate its interpretation of the statute, the BOP employs a formula for calculating the credit, considering the fact that an inmate's time actually served becomes incrementally shorter each year as he is awarded good conduct time credit.  See White, 390 F.3d 997 at 1000 (explaining the BOP's formula).

Hines argues in his habeas petition that the BOP's application of the statute contravenes Congress's unambiguous intent that inmates serving sentences greater than one year are entitled to receive fifty-four days of good conduct time credit per year of the sentence imposed.  He contends that the plain language of the statute—specifically, the phrase "term of imprisonment"—refers to the sentence imposed.  We disagree.  As we explained in our recent decision in  O'Donald v. Johns, 402 F.3d 172 (3d Cir. 2005), the phrase "term of imprisonment" is used several times in section 3624(b), and, contrary to

Hines's assertion, the phrase as used in the context of awarding credit "up to 54 days at the end of each year of the prisoner's term of imprisonment" appears to refer to time actually served. This is so because section 3624(b) contemplates a process of awarding credit at the end of each year of imprisonment, based on an inmate's exemplary compliance with prison disciplinary regulations—that is, while incarcerated. The earning of credit each year reduces the amount of time the inmate will ultimately serve in prison. To calculate credit based on the sentence imposed, rather than a retrospective annual assessment of the inmate's behavior while in prison, would allow an inmate to earn credit for time that he was not in prison. This incongruous result weighs against concluding that the phrase "term of imprisonment" unambiguously refers to the sentence imposed and led to our determination that the meaning of section 3624(b) is ambiguous in this regard. O'Donnell, 402 F.3d at 174.[1]

Because the meaning of section 3624(b) is ambiguous, we must defer to the BOP's interpretation if it is reasonable. See Chevron, U.S.A., Inc. v. Natural Res. Def. Council, 467 U.S. 837, 844 (1984). We held in O'Donald that the BOP's interpretation of section

---

[1] In support of his contention that section 3624's plain meaning is to calculate good conduct time credit based on the sentence imposed, Hines cited Senator Joseph Biden's comments in the Congressional Record at 141 Cong. Rec. S2348-01, S2349 (Feb. 9, 1995) as supporting legislative history. We are unpersuaded. As observed by the First Circuit Court of Appeals, we note that these comments were made more than a decade after the statute's enactment. Moreover, we similarly conclude that Senator Biden's references to serving a certain percentage of an imposed sentence indicates a shorthand citation to the calculation of credit under the statutory scheme. Perez-Olivo v. Chavez, 394 F.3d 45, 51 n.3 (1st Cir. 2005).

4

3624(b) is reasonable and comports with the statutory language, effectuates the statutory design, establishes a fair prorating scheme, enables inmates to calculate with reasonable certainty their remaining time to serve, and prevents inmates from earning credit for time not spent in prison. O'Donald, 402 F.3d at 174 (citing Perez-Olivo v. Chavez, 394 F.3d 45, 53 (1st Cir. 2005); White, 390 F.3d at 1003; and Pacheco-Camacho, 272 F.3d at 1270-71).[2]

We will grant the appellee's motion for summary affirmance and will summarily affirm the order of the District Court.

---

[2] In support of his habeas petition, Hines also argued that if section 3624(b) is ambiguous, the District Court should have applied the rule of lenity and resolved the ambiguity in his favor. As noted in O'Donald, we do not resort to the rule of lenity where, as here, we can otherwise resolve the ambiguity of the statute. See United States v. Shabani, 513 U.S. 10, 17 (1994).