**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

———————

**No. 08-5216**

———————

UNITED STATES OF AMERICA,

        Plaintiff - Appellee,

    v.

DWIGHT SPEARS,

        Defendant - Appellant.

———————

Appeal from the United States District Court for the District of South Carolina, at Spartanburg. Henry F. Floyd, District Judge. (7:08-cr-00112-HFF-3)

———————

Submitted: June 25, 2009        Decided: November 10, 2009

———————

Before MOTZ, GREGORY, and DUNCAN, Circuit Judges.

———————

Affirmed in part, vacated in part, and remanded by unpublished per curiam opinion.

———————

C. Carlyle Steele, Greenville, South Carolina, for Appellant. W. Walter Wilkins, United States Attorney, Regan A. Pendleton, William J. Watkins, Jr., Assistant United States Attorneys, Greenville, South Carolina, for Appellee.

———————

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Dwight Spears was convicted after a jury trial of conspiracy to murder a federal law enforcement officer in violation of 18 U.S.C. § 115(a)(1)(A) (2006). He was sentenced to 240 months of imprisonment. On appeal, counsel raises three issues: (1) whether the district court erred by failing to dismiss the indictment or grant a directed verdict because testimony revealed that Spears had withdrawn from the conspiracy; (2) whether the district court erred in failing to dismiss the indictment because Spears committed no overt act in furtherance of the conspiracy; and (3) whether the district court erred by charging the jury that it was Spears' burden to prove withdrawal from the conspiracy by a preponderance of the evidence. Spears has filed two pro se supplemental briefs, alleging that his conviction under 18 U.S.C. § 115(a)(1)(A) was erroneous and therefore his indictment should be dismissed for lack of subject matter jurisdiction under Fed. R. Crim. P. 12(b)(3)(B). For the reasons that follow, we affirm in part, vacate in part, and remand.

Although we review Spears' first argument de novo, United States v. Loayza, 107 F.3d 257, 260 (4th Cir. 1997), the argument fails because the evidence did not reveal that Spears withdrew from the conspiracy. United States v. Cardwell, 433 F.3d 378, 391 (4th Cir. 2005).

2

The second argument lacks merit because there is no overt act element in a conspiracy offense. See United States v. Shabani, 513 U.S. 10, 13-14 (1994) (noting that absent statutory or congressional guidance to the contrary, the common law understanding of conspiracy does not make the doing of any other act a condition of liability). Moreover, even if an overt act was required for conviction under the statute, the record reveals that Spears engaged in acts in furtherance of the conspiracy, e.g., casing the area where the coconspirators expected to ambush and shoot the Federal Bureau of Investigation agent. See generally United States v. Ochoa-Torres, 626 F.2d 689, 691 (9th Cir. 1980) (noting that a trip in an automobile was an overt act in furtherance of conspiracy).

Spears' third argument simply is incorrect that it was not his burden to prove the defense of withdrawal from the conspiracy. Withdrawal from a conspiracy "requires the defendant to take affirmative actions inconsistent with the object of the conspiracy and communicate his intent to withdraw in a manner likely to reach his accomplices." Cardwell, 433 F.3d at 391. Spears did have the burden to prove the defense. See United States v. Watford, 894 F.2d 665, 670 (4th Cir. 1990) (stating that the burden is on the defendant to show that he withdrew from the conspiracy by affirmative action); United States v. Urbanik, 801 F.2d 692, 697 (4th Cir. 1986) (same).

3

Once a defendant produces evidence of withdrawal, it then becomes a jury issue which the Government must prove beyond a reasonable doubt that the defendant did not withdraw from the conspiracy. United States v. West, 877 F.2d 281, 289 (4th Cir. 1989). Thus, we affirm Spears' conviction.

In his final argument, Spears alleges, pro se, that his indictment was defective because the evidence did not support his conviction under 18 U.S.C. § 115(a)(1)(A) (2006). We agree with Spears that evidence did not support his conviction under § 115(a)(1)(A) or under § 115(a)(1)(B), as the Government argues. Rather, the evidence supports his conviction for his unambiguous participation in the conspiracy to murder a federal law enforcement officer in violation of 18 U.S.C.A. § 1114 (West Supp. 2009). The indictment and criminal conviction properly note the conspiracy to murder; however, those documents erroneously cite to § 115(a)(1)(A), which is inapplicable to the instant facts. Rather than dismissing the indictment, however, this court has held that the proper remedy in this circumstance is to vacate and remand for resentencing under the appropriate statute. See United States v. Massuet, 851 F.2d 111, 115 (4th Cir. 1988) (noting that the "proper procedure for dealing with the problem of the erroneously cited statute would be to remand the case for resentencing under the proper statute") (citation omitted); see also United States v.

4

Bennett, 368 F.3d 1343, 1352-55 (11th Cir. 2004) (holding that sufficient evidence supported a conviction for attempt to kill an officer of the United States, under 18 U.S.C. § 1114, where the defendant was actually charged with violating 18 U.S.C. § 115), vacated on other grounds, 543 U.S. 1110 (2005). Accordingly, we grant Spears' motion to file his second pro se supplemental brief, vacate Spears' sentence, and remand for resentencing in accordance with this opinion.

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED IN PART,
VACATED IN PART,
AND REMANDED