**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

───────────

**No. 10-4547**

───────────

UNITED STATES OF AMERICA,

             Plaintiff - Appellee,

     v.

DWIGHT LAMAR SPEARS,

             Defendant - Appellant.

───────────

Appeal from the United States District Court for the District of South Carolina, at Spartanburg.  Henry F. Floyd, District Judge. (7:08-cr-00112-HFF-3)

───────────

Submitted:  May 13, 2011          Decided:  May 27, 2011

───────────

Before MOTZ, GREGORY, and DUNCAN, Circuit Judges.

───────────

Affirmed in part; vacated and remanded in part by unpublished per curiam opinion.

───────────

John M. Ervin, III, Darlington, South Carolina, for Appellant. William N. Nettles, United States Attorney, William J. Watkins, Jr., Assistant United States Attorney, Greenville, South Carolina, for Appellee.

───────────

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

We affirmed Dwight Lamar Spears' conviction for conspiracy to murder a law enforcement officer in his prior appeal. See United States v. Spears, 350 F. App'x 808 (4th Cir. 2009) ("Spears I"). Although we affirmed Spears' conviction, we remanded for resentencing because the trial facts revealed a violation of 18 U.S.C.A. § 1114 (West Supp. 2010), rather than a violation of 18 U.S.C. § 115(a)(1)(A) (2006).*

The transcript of the resentencing hearing on remand reveals that the district court and Spears understood that the matter was remanded for Spears to be resentenced under § 1114. (J.A. 180-81, 193-94). The court again sentenced Spears to 240 months of imprisonment. (J.A. 194, 206). Nonetheless, despite the parties' and the district court's clear understanding that Spears was to be resentenced under § 1114, the second amended criminal judgment denotes that Spears' conviction was pursuant to § 115(a)(1)(A).

---

* In vacating and remanding, we primarily relied on two cases. See United States v. Massuet, 851 F.2d 111, 115 (4th Cir. 1988)(noting that the proper procedure for dealing with the problem of an erroneously cited statute would be to remand the case for resentencing under the proper statute); United States v. Bennett, 368 F.3d 1343, 1352-55 (11th Cir. 2004) (holding that sufficient evidence supported a conviction for attempt to kill an officer of the United States, under 18 U.S.C. § 1114, where the defendant was actually charged with violating 18 U.S.C. § 115), vacated on other grounds, 543 U.S. 1110 (2005).

Although we grant Spears' motion to file his pro se supplemental brief, we decline to address any of the issues raised in that brief or his formal brief, as those issues are all outside the scope of our mandate on remand. The mandate rule is "merely a specific application" of the law of the case doctrine, which "forecloses relitigation of issues expressly or impliedly decided by the appellate court." United States v. Bell, 5 F.3d 64, 66 (4th Cir. 1993) (internal quotation marks omitted). The doctrine applies both to questions actually decided as well as to those decided by necessary implication. Sejman v. Warner-Lambert Co., 845 F.2d 66, 69 (4th Cir. 1988). All of the issues raised in Spears' formal and informal briefs are unrelated to our limited remand in Spears I. Thus, because Spears fails to establish any of the exceptions to the mandate rule, we decline to address on the merits any of the issues raised in this appeal. United States v. Aramony, 166 F.3d 655, 661 (4th Cir. 1999) (discussing doctrine and exceptions thereto). Thus, we affirm Spears' 240-month sentence.

We remand, however, for correction of the clerical error in the second amended judgment, showing that Spears was convicted under § 115 rather than § 1114, as we directed in Spears I. See Fed. R. Crim. P. 36; Rakes v. United States, 309 F.2d 686, 687-88 (4th Cir. 1962) (addressing correction under Rule 35). To the extent that there is a conflict between the

3

court's comments at the sentencing hearing and the criminal judgment, a court "should carry out the true intention of the sentencing judge as this may be gathered from what he said at the time of sentencing." United States v. Morse, 344 F.2d 27, 30 (4th Cir. 1965). It is normally the rule that where a conflict exists between an orally pronounced sentence and the written judgment, the oral sentence will control. United States v. Osborne, 345 F.3d 281, 283 n.1 (4th Cir. 2003). The remedy is to vacate the judgment and remand to the district court for the purpose of correcting the written judgment to conform to the oral sentence. Morse, 344 F.2d at 30-31 & n.1; Rakes, 309 F.2d at 687.

Accordingly, we affirm Spears' 240-month sentence for conspiracy to murder a law enforcement official under § 1114 but remand for correction of the clerical error made in the district court's second amended criminal judgment. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED IN PART;
VACATED AND REMANDED IN PART