**IN THE UNITED STATES COURT OF APPEALS**
**FOR THE FIFTH CIRCUIT**

United States Court of Appeals
Fifth Circuit

**F I L E D**

December 22, 2011

Lyle W. Cayce
Clerk

No. 10-20835
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

SANDEEP VERMA,

Defendant-Appellant

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 4:08-CR-699-1

Before WIENER, GARZA,  and CLEMENT, Circuit Judges.

PER CURIAM:[*]

Defendant-Appellant Sandeep Verma appeals the 135-month within-guidelines sentence imposed by the district court following his conviction for transportation of child pornography.

In *Gall v. United States*, 552 U.S. 38, 51 (2007), the Supreme Court established a bifurcated process for conducting a reasonableness review. *United States v. Cisneros-Gutierrez*, 517 F.3d 751, 764 (5th Cir. 2008).  We must determine first whether the district court committed any procedural errors,

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

including "failing to calculate (or improperly calculating) the Guidelines range, treating the Guidelines as mandatory, failing to consider the [18 U.S.C.] § 3553(a) factors, selecting a sentence based on clearly erroneous facts, or failing to adequately explain the chosen sentence-including an explanation for any deviation from the Guidelines range." *Gall*, 552 U.S. at 51.  If we determine that the district court's decision is procedurally sound, we will "consider the substantive reasonableness of the sentence imposed under an abuse-of-discretion standard." *Id.*  A sentence that falls within the applicable guidelines range "is presumptively reasonable." *United States v. Alonzo*, 435 F.3d 551, 554 (5th Cir. 2006); *see also Rita v. United States*, 551 U.S. 338, 347 (2007) (upholding the application of the presumption of reasonableness to sentences within a properly calculated guidelines range).

Contrary to Verma's contention, the five-level increase imposed by the district court pursuant to U.S.S.G. § 2G2.2(b)(7)(D) was warranted; the district court's determination that Verma's possession of the images in question constituted relevant conduct is plausible in light of the record as a whole.  *See United States v. Ekanem*, 555 F.3d 172, 175 (5th Cir. 2009).  As Verma fails to identify any ambiguity in § 2G2.2(a), we reject his contention that the rule of lenity requires that he be afforded a lower base offense level.  *See United States v. Shabani*, 513 U.S. 10, 17 (1994).

The district court's explicit recognition of the advisory nature of the Sentencing Guidelines belies Verma's contention that it did not understand its authority to deviate from the guidelines range.  As for Verma's contention  on appeal that the district court failed adequately to explain the reasons for the sentence imposed, his failure to object on this basis in the district court limits our review to plain error.  *See United States v. Peltier*, 505 F.3d 389, 391-92 (5th Cir. 2007).  As Verma fails to show that his sentence would have been different had the district court offered a fuller explanation for it, he fails to show plain

error.  *See United States v. Mondragon-Santiago*, 564 F.3d 357, 365 (5th Cir. 2009).

Although Verma asserts that the district court imposed a substantively unreasonable sentence by rejecting his various policy arguments assailing § 2G2.2, including that § 2G2.2 deserves no deference because it lacks empirical support, we will not second-guess the district court's sentencing decision on such grounds.  *See Mondragon-Santiago*, 564 F.3d at 367.  The fact that we might reasonably conclude that a different sentence was appropriate is insufficient to justify reversal.  *United States v. Williams*, 517 F.3d 801, 809 (5th Cir. 2008).

AFFIRMED.