**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 11-10623 |
| Plaintiff - Appellee, | D.C. No. 4:09-cr-02073-CKJ-GEE-2 |
| v. | |
| ALEX JOSEPH PEDRIN, Jr., AKA Alex Pedrin, Jr., | MEMORANDUM[*] |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the District of Arizona
Cindy K. Jorgenson, District Judge, Presiding

Argued and Submitted March 13, 2015
San Francisco, California

Before: NOONAN, W. FLETCHER, and CHRISTEN, Circuit Judges.

Alex Pedrin, Jr., appeals his conviction for conspiracy to possess with intent

to distribute 40 to 50 kilograms of cocaine, and the 210-month sentence imposed

by the district court. We have jurisdiction under 28 U.S.C. § 1291. He challenges

his conviction and sentence on eleven grounds. We resolve one issue, Pedrin's

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

contention that his conviction resulted from "outrageous government conduct," in a concurrently filed opinion, and the remaining ten here. We affirm.

1. Pedrin first argues that the district court abused its discretion in denying his request that the jury be instructed on withdrawal from a conspiracy. We disagree. Even if a withdrawal instruction were available to a defendant convicted under 21 U.S.C. § 846, which we doubt, *see United States v. Shabani*, 513 U.S. 10, 17 (1994), the district court did not abuse its discretion in concluding that there was no evidence that would support such an instruction in Pedrin's case. The evidence clearly demonstrates that Pedrin committed an "overt act" in furtherance of the conspiracy: he obtained supplies and recruited co-conspirators. No rational jury could have concluded otherwise.

2. Pedrin next argues that the district court abused its discretion in admitting prior "bad act" evidence under Federal Rule of Evidence 404 — specifically, the testimony of co-defendant Terry Bombard, who testified that Pedrin had previously robbed drug stash houses. We disagree. First, Bombard's testimony helped prove a material element of 21 U.S.C. § 846, Pedrin's "intent to commit the underlying offense." *United States v. Herrera-Gonzalez*, 263 F.3d 1092, 1095 (9th Cir. 2001). Second, the testimony was sufficiently reliable. *See United States v. Johnson*, 132 F.3d 1279, 1283 (9th Cir. 1997) ("This reliability threshold is not a high one, and

the testimony of a single witness can be sufficient."). Finally, the danger of unfair prejudice, though real, did not substantially outweigh the probative value of the testimony. *See United States v. Hardrick*, 766 F.3d 1051, 1055 (9th Cir. 2014).

3. Pedrin next argues that the district court abused its discretion in admitting the opinion testimony of Agent Richard Zayas, the ATF agent who orchestrated the operation. Assuming without deciding that Agent Zayas's testimony should not have been admitted, we hold it was "more probably harmless than not." *United States v. Freeman*, 498 F.3d 893, 905 (9th Cir. 2007). Unlike in *Freeman*, and in other cases in which we have expressed concern about the "dangers inherent in permitting investigating police officers . . . to testify as both percipient and expert witnesses," *United States v. Anchrum*, 590 F.3d 795, 803 (9th Cir. 2009), Zayas's opinion testimony in this case was brief and isolated. Any risk of prejudice, moreover, was mitigated by the district court's curative instruction.

4. Pedrin next argues that the government violated his Fifth and Sixth Amendment rights by deporting co-defendant Omar Perez, who now claims he would have testified on Pedrin's behalf, before his trial. Assuming that this argument is properly before us, we reject it on the merits. Although the government may not deport a noncitizen who it knows can provide exculpatory evidence for a criminal defendant, to make out a constitutional violation, the

defendant must show that the government acted in "bad faith." *United States v. Leal-Del Carmen*, 697 F.3d 964, 969–70 (9th Cir. 2012). Here, Pedrin presents no evidence that Perez told anyone that he was willing to offer exculpatory testimony *before* he was deported. "When the government doesn't know what a witness will say, it doesn't act in bad faith by deporting him." *Id.* at 970.

5. Pedrin next argues that the district court abused its discretion in denying his motions for a mistrial based on two instances of alleged prosecutorial misconduct. We disagree. Even assuming that the prosecutor's statements were inappropriate, the district court did not abuse its discretion in concluding that, "considered in the context of the entire trial," the statements were not "likely to have affected the jury's discharge of its duty to judge the evidence fairly." *United States v. Henderson*, 241 F.3d 638, 652 (9th Cir. 2000). Further, the district court could reasonably have concluded that the errors could be cured by providing appropriate instructions to the jury, which it did. *See United States v. Cardenas-Mendoza*, 579 F.3d 1024, 1029–30 (9th Cir. 2009).

6. Pedrin next argues that there was insufficient evidence to support his conviction. We disagree. In reviewing the sufficiency of the evidence, we ask "whether 'after viewing the evidence in the light most favorable to the prosecution, *any* rational trier of fact could have found the essential elements of the crime

4

beyond a reasonable doubt.'" *United States v. Nevils*, 598 F.3d 1158, 1163–64 (9th Cir. 2010) (en banc) (quoting *Jackson v. Virginia*, 443 U.S. 307, 319 (1979)). Here, a rational jury could easily have concluded that Pedrin (1) agreed to rob the stash house, an "illegal objective"; and (2) intended to possess with intent to distribute 40 to 50 kilograms of cocaine. *See Herrera-Gonzalez*, 263 F.3d at 1095. The jury heard audio recordings of Pedrin agreeing to participate in the conspiracy, and heard testimony from Bombard that he had previously committed similar crimes. This was more than enough to satisfy the deferential *Jackson* standard.

7. Pedrin's final argument regarding his trial is that cumulative error rendered it fundamentally unfair. *See United States v. Inzunza*, 638 F.3d 1006, 1024 (9th Cir. 2011). We disagree. At most, the district court made a single isolated error in permitting Zayas to offer opinion testimony, and the prosecutor made two inappropriate statements. We find no cumulative error that would require reversal.

8. With respect to his sentence, Pedrin first argues that the district court erred by relying on the weight of the fictitious cocaine to set his base offense level. We conclude the district court did not err. The commentary to the Sentencing Guidelines specifically instructs that in a drug conspiracy in which the agreed-upon quantity and the actual quantity differ, "the agreed-upon quantity of the controlled

5

substance shall be used to determine the offense level unless . . . the amount delivered more accurately reflects the scale of the offense." U.S.S.G. § 2D1.1 cmt. 5. It further specifies that, "in a reverse sting, the agreed-upon quantity of the controlled substance would more accurately reflect the scale of the offense because the amount actually delivered is controlled by the government, not by the defendant." *Id.*

9. Pedrin next argues that the district court plainly erred in not instructing the jury on sentencing entrapment, and that it abused its discretion in not departing downward on the basis of sentencing entrapment. "Sentencing entrapment occurs where 'a defendant, although predisposed to commit a minor or lesser offense, is entrapped in committing a greater offense subject to greater punishment.'" *United States v. Briggs*, 623 F.3d 724, 729 (9th Cir. 2010) (quoting *United States v. Staufer*, 38 F.3d 1103, 1106 (9th Cir. 1994)). The district court did not abuse its discretion in denying Pedrin a downward departure on the basis of sentencing entrapment. There was no evidence that Pedrin expressed hesitation or reluctance about the scheme, nor that he expressed concern regarding the quantity of drugs at issue. *See United States v. Black*, 733 F.3d 294, 312–13 (9th Cir. 2013). For similar reasons, we reject Pedrin's argument that the district court plainly erred by not providing an instruction to the jury on sentencing entrapment. Even if Pedrin

6

would have been entitled to such an instruction under *United States v. Cortes*, 757 F.3d 850, 864–65 (9th Cir. 2014), he did not request one at trial, and given the discretionary nature of the decision to provide a jury instruction, we conclude there was no plain error.

10. Pedrin finally argues that the district court imposed a substantively unreasonable sentence. We disagree. "[I]n the overwhelming majority of cases, a Guidelines sentence will fall comfortably within the broad range of sentences that would be reasonable in the particular circumstances." *United States v. Laurienti*, 731 F.3d 967, 976 (9th Cir. 2013) (internal quotations omitted). Here, the district court imposed a below-Guidelines sentence of 210 months, taking into account the unusual nature of the sting operation and the impact of Pedrin's family history. There was no abuse of discretion.

**AFFIRMED.**

NOONAN, Circuit Judge, dissents.