**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 16-4048**

UNITED STATES OF AMERICA,

    Plaintiff - Appellee,

  v.

WILLIAM ELDRIDGE ASKEW, III,

    Defendant - Appellant.

Appeal from the United States District Court for the Eastern District of North Carolina, at Raleigh. James C. Dever, III, Chief District Judge. (5:14-cr-00023-D-2)

Submitted: November 29, 2016  Decided: December 20, 2016

Before NIEMEYER, DUNCAN, and WYNN, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Paul K. Sun, Jr., Kelly Margolis Dagger, ELLIS & WINTERS LLP, Raleigh, North Carolina, for Appellant. John Stuart Bruce, Acting United States Attorney, Jennifer P. May-Parker, Phillip A. Rubin, Assistant United States Attorneys, Raleigh, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

A jury convicted William Eldridge Askew, III, of conspiring to possess with intent to distribute 100 grams or more of heroin, 21 U.S.C. § 846 (2012), and aiding and abetting possession with intent to distribute heroin, 21 U.S.C. § 841(a)(1) (2012). On appeal, Askew challenges the sufficiency of the evidence, two evidentiary rulings, and his designation as a career offender. Finding no reversible error, we affirm.

## I.

"[W]e review de novo a district court's denial of a motion for judgment of acquittal." United States v. Fuertes, 805 F.3d 485, 501-02 (4th Cir. 2015), cert. denied, 136 S. Ct. 1220 (2016). In assessing evidentiary sufficiency, we determine whether substantial evidence supports the conviction when viewed in the light most favorable to the Government. United States v. Engle, 676 F.3d 405, 419 (4th Cir. 2012). "Substantial evidence is evidence that a reasonable finder of fact could accept as adequate and sufficient to support a conclusion of guilt beyond a reasonable doubt." Id. "To prove [a 21 U.S.C. § 846] conspiracy, the government must demonstrate beyond a reasonable doubt (1) an agreement between two or more persons to engage in conduct that violates a federal drug law, (2) the defendant's knowledge of the conspiracy, and (3) the defendant's knowing and

2

voluntary participation in the conspiracy." United States v. Gomez-Jimenez, 750 F.3d 370, 378 (4th Cir. 2014).

Askew contends that the Government failed to establish that Askew knowingly and voluntarily conspired to distribute heroin or that 100 grams or more of heroin were attributable to Askew, highlighting his codefendant's trial testimony that Askew had no "say-so" in the drug deal and that the Government failed to introduce 100 grams of heroin into evidence. We conclude, however, that sufficient evidence supports Askew's conspiracy conviction. Askew's codefendant, who pled guilty prior to trial, testified that Askew participated in the heroin distribution by allowing heroin to be hidden in Askew's hotel room and occasionally delivering the heroin to the codefendant. While the codefendant did testify that Askew had no "say-so" regarding the heroin deal in Detroit, Askew admitted to law enforcement that his role in that deal was to package the heroin. Furthermore, while less than 100 grams of heroin was purchased in Detroit, the codefendant testified that the agreement was to receive 100 grams of heroin. See United States v. Shabani, 513 U.S. 10, 16 (1994) (noting that overt act is not required to establish drug conspiracy, as "the criminal agreement itself is the actus reus").

Askew's possession conviction required proof of "(1) possession of a narcotic controlled substance; (2) knowledge of

3

the possession; and (3) the intent to distribute." United States v. Collins, 412 F.3d 515, 519 (4th Cir. 2005). Possession may be actual or constructive; "[c]onstructive possession may be proved by demonstrating that the defendant exercised, or had the power to exercise, dominion and control over the item." United States v. Burgos, 94 F.3d 849, 873 (4th Cir. 1996) (en banc). "The same evidence establishing a defendant's participation in a conspiracy may support a conclusion that a defendant participated in the principal's unlawful intent to possess and distribute drugs, thereby proving guilt of aiding and abetting as well." Gomez-Jimenez, 750 F.3d at 378 (internal quotation marks omitted).

Askew argues that insufficient evidence supports his possession conviction because the Government failed to prove he knowingly possessed the heroin and offered an inadequate chain of custody to establish that the heroin introduced into evidence was the heroin recovered by law enforcement. We conclude otherwise. Askew's statement to law enforcement demonstrates that he knew the vehicle contained heroin and he was planning to assist his codefendant in packaging that heroin for sale. Askew was driving the vehicle at the time of the traffic stop and his codefendant testified that Askew placed the heroin in the bag where law enforcement found it. Accordingly, we find sufficient evidence supports Askew's convictions.

4

II.

Askew next contends that two evidentiary rulings require a new trial. We review a district court's evidentiary rulings for abuse of discretion. United States v. Faulls, 821 F.3d 502, 508 (4th Cir. 2016). Reversal is warranted only if the district court's determination "was arbitrary or irrational." Id. (internal quotation marks omitted). Moreover, we review evidentiary rulings for harmless error, which requires us to determine "with fair assurance, after pondering all that happened without stripping the erroneous action from the whole, that the judgment was not substantially swayed by the error." United States v. Cloud, 680 F.3d 396, 401 (4th Cir. 2012) (internal quotation marks omitted).

Askew first claims that the district court erred in allowing law enforcement officers to testify that when individuals exit a vehicle during a traffic stop they are trying to separate themselves from the contents of the vehicle, that the packaging material found in the vehicle is commonly used to package heroin, and that people who spend 11 hours in a vehicle together would discuss the purpose of their trip. Askew argues that this testimony was based on the officers' training and experience, and thus was not lay opinion testimony under Fed. R. Evid. 701, but rather expert testimony under Fed. R. Evid. 702. The Government responds that any error was harmless.

5

We agree with the Government. Askew's codefendants testified that the materials found in the vehicle were to be used to package the heroin. A jury could have inferred, without the disputed testimony, that passengers would discuss the purpose of their trip. Moreover, Askew admitted in his statement to law enforcement that he knew heroin was in the vehicle, a fact further supported by the Government's witnesses. Therefore, any error in admitting the officers' testimony was harmless.

Askew next alleges that the district court erred in admitting evidence that he met his codefendant while both were incarcerated. Askew contends that the evidence was not intrinsic to the conspiracy, that its sole purpose was to paint him as a criminal, and thus, that the evidence was unfairly prejudicial. "Evidence of a crime, wrong, or other act is not admissible to prove a person's character in order to show that on a particular occasion the person acted in accordance with the character." Fed. R. Evid. 404(b)(1). But such evidence may be admitted for other reasons. Id. 404(b)(2).

Rule 404(b) is not implicated if the evidence in question "concerns acts intrinsic to the alleged crime." United States v. Otuya, 720 F.3d 183, 188 (4th Cir. 2013) (internal quotation marks omitted). "[E]vidence of other bad acts is intrinsic if, among other things, it involves the same series of transactions

6

as the charged offense, which is to say that both acts are part of a single criminal episode." Id. (citation and internal quotation marks omitted). Similarly, the evidence is intrinsic "if it is necessary to complete the story of the crime on trial." United States v. Kennedy, 32 F.3d 876, 885 (4th Cir. 1994) (alteration and internal quotation marks omitted). The evidence is not extrinsic merely because it occurs at a different time than the conspiracy. Id.

We conclude that the district court did not abuse its discretion in admitting this evidence because it was evidence intrinsic to the alleged crime of conspiracy. The central issue in the trial concerned Askew's knowledge of, and participation in, his codefendant's heroin distribution. Askew's relationship with his codefendant was thus important for the Government to establish. Accordingly, we affirm Askew's convictions.

## III.

Finally, Askew argues that the district court erroneously designated him a career offender under the United States Sentencing Guidelines. The Government contends that even if the district court erred in sentencing Askew as a career offender, that error was harmless.

Rather than reviewing the merits of Askew's challenge to his career offender designation, "we may proceed directly to an assumed error harmlessness inquiry." Gomez-Jimenez, 750 F.3d at

7

382 (internal quotation marks omitted). "A Guidelines error is considered harmless if . . . (1) the district court would have reached the same result even if it had decided the [G]uidelines issue the other way, and (2) the sentence would be reasonable even if the [G]uidelines issue had been decided in the defendant's favor." Id. (internal quotation marks omitted). We must be "certain that the result at sentencing would have been the same," absent the enhancement. United States v. Montes-Flores, 736 F.3d 357, 370 (4th Cir. 2013) (internal quotation marks omitted). Here, the district court clearly stated that it would have imposed the same sentence had it not designated Askew a career offender, and thus we may proceed to review Askew's sentence for substantive reasonableness. See Gomez-Jimenez, 750 F.3d at 383.

"When reviewing the substantive reasonableness of a sentence, we examine the totality of the circumstances to see whether the sentencing court abused its discretion in concluding that the sentence it chose satisfied the standards set forth in § 3553(a)." Id. (alteration and internal quotation marks omitted). We conclude that Askew's sentence is substantively reasonable, as the district court recognized the § 3553(a) factors and specifically relied on the seriousness of the offense and Askew's lengthy criminal history in imposing the 180-month imprisonment. Moreover, while the district court

8

recognized Askew's argument that older defendants are less likely to recidivate, it noted that Askew's previous history indicated he might not follow that trend.

IV.

Accordingly, we affirm the district court's judgment. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

AFFIRMED

9